**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Frank Ernest BINETTI,
Defendant-Appellant.**

**No. 75–4456.**

United States Court of Appeals,
Fifth Circuit.

May 27, 1977.

---

─────────

Jackson B. Battle, Tallahassee, Fla. (Court appointed), for defendant-appellant.

Robert W. Rust, U. S. Atty., Robert L. Andrews, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

## PETITION FOR REHEARING

Before BROWN, Chief Judge, GODBOLD, Circuit Judge, and MEHRTENS,* District Judge.

MEHRTENS, District Judge.

Defendant was convicted of conspiracy to possess and distribute cocaine, knowingly and intentionally possessing with intent to distribute cocaine, and knowingly and intentionally distributing cocaine. On appeal, we affirmed his conviction of the conspiracy count. Under the concurrent sentence doctrine we did not reach the issues raised as to the other counts. *United States v. Binetti*, 547 F.2d 265 (5th Cir. 1977).

In the briefs and at oral argument only casual mention was made of the fact that the sale on May 24th, the day on which Binetti first took an active role, although supposedly to be of cocaine, the substance was in fact a harmless, non-controlled substance used to cut cocaine, called Lidocaine, which King was passing off to the agents as cocaine. No cocaine was possessed or distributed by anyone on that date.

The point having been raised on Binetti's petition for rehearing, we have carefully re-examined the record. Although before May 24th the defendant apparently had knowledge that his associates were selling cocaine, that knowledge without more is not enough to sustain his conviction of conspiracy. When he actually became more than a knowing bystander, it was Lidocaine and not cocaine which the agents received from King, thinking that it was cocaine.

We have also examined the evidence concerning the substantive offenses which under the concurrent sentence doctrine we did not reach in the original opinion. The evidence is wholly insufficient to sustain his conviction of conspiracy or of any of the substantive counts.

The petition for rehearing is granted and the defendant's conviction on all counts is reversed and the case remanded for dismissal.

* Senior District Judge of the Southern District of Florida sitting by designation.