**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Lavonne HODGES, a/k/a Lavonnie Hodges, Defendant-Appellant.**

**No. 79–5071.**

United States Court of Appeals, Fifth Circuit.

Nov. 9, 1979.

Myron H. Thompson (Court-appointed), Dothan, Ala., for defendant-appellant.

Charles R. Niven, Asst. U.S. Atty., Montgomery, Ala., for plaintiff-appellee.

Before COLEMAN, RONEY and FAY, Circuit Judges.

FAY, Circuit Judge:

By jury trial on January 15, 1979, Lavonne Hodges was convicted of conspiracy to possess and possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 846 and 841(a)(1). He appeals from conviction on both counts, essentially challenging the sufficiency of evidence showing his membership in the conspiracy charged. He claims that at best the evidence shows only his role in a subplot to rob others who are alleged to be his coconspirators. Our resolution of that issue against Hodges defeats his arguments attacking the admission of alleged coconspirators' extrajudicial statements, the indictment and proof of the conspiracy charged, the finding of vicarious liability for possession, and the denial of a motion to suppress for lack of standing. Thus finding his contentions meritless, we affirm.

Near noon on September 29, 1978, appellant went to Larry Pittman's barbershop in Dothan, Alabama. At the barbershop, John Mills, Larry Pittman, and Ronnie Smith were already devising a plot to obtain marijuana from two sellers from Nashville, Tennessee. The conspirators informed the appellant of the pending marijuana deal and told him that his help would probably be needed later that day. Appellant, who had brought two guns to the barbershop, held various separate conversations with these men and at one point threatened to kill Mills should Mills hamper the deal or reveal appellant's role in it. After about forty-five minutes, appellant left. As he was leaving, he told Pittman, "If you need me, call me."

Having designed with Smith details of the proposed transaction during the afternoon, Pittman and Mills drove to Ozark, Alabama, later that evening, to pick up the appellant. On the way back to Dothan, the three men stopped at a restaurant whose owner would later identify the appellant as a companion of Pittman and Mills that night.

Back at Pittman's barbershop in Dothan, the men received an expected telephone call from the sellers, who had arrived in town from Nashville that evening. As agreed during that call, the three men then met the sellers and Smith at a motel parking lot. There the parties decided to consummate the deal at Porter's Fairyland, an abandoned private recreation facility on the outskirts of town. Mills and Smith travelled to Porter's in one car, and the sellers followed in another. On the grounds at Porter's, Mills, Smith, and the sellers began exchanging marijuana and money, not waiting for Pittman or Hodges. While this exchange was transpiring, two men appeared from behind some bushes. One of the men was Pittman. Because the night was so dark, neither Smith, Mills, nor the sellers clearly saw the other man. However, Mills did see that the man was wearing a toboggan. The conspirators had agreed earlier that the appellant would wear such a cap. Additionally, Mills subsequently would be able to identify appellant's voice as the one which issued a verbal warning that the others were on private property.

The surprise appearance of the two men disrupted the transaction and scattered the parties. In the ensuing commotion, several gunshots were exchanged. The shots attracted the attention of a person walking nearby, who glimpsed appellant's profile. Later that witness would also testify to appellant's presence that evening. Within a few days, police discovered a large quantity of marijuana at the home of one conspirator's father.

■ Appellant first challenges the admission of certain testimony by his alleged coconspirators under Fed.R.Evid. 801(d)(2)(E). That rule excepts from the definition of hearsay any statement made by a coconspirator in furtherance of a conspiracy and during its course, and permits admission of such statements against other parties to the conspiracy. *United States v. Smith,* 550 F.2d 277, 281 (5th Cir. 1977). To admit their extrajudicial statements, the declarants initially must have been proved appellant's coconspirators. Proof must have been by evidence independent of the statements and sufficient to establish a prima facie case of the conspiracy's existence and appellant's participation in it. *Glasser v. United States,* 315 U.S. 60, 74, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Oliva,* 497 F.2d 130, 132 (5th Cir. 1974); *United States v. Apollo,* 476 F.2d 156, 159 (5th Cir. 1973).[1] Appellant does not argue that the conspiracy charged did not exist, but rather that he was not a member of it. He claims that he was only party to a separate plot to rob the others during the transaction at Porter's. To determine the admissibility of the extrajudicial statements, we must review the evidence independent of those statements to determine whether it supports a finding of appellant's participation in the main conspiracy. We consider whether the independent evidence offered, reviewed in the light most favorable to the prosecution, would allow a reasonable jury to find the evidence inconsistent with appellant's membership in the conspiracy. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 86 L.Ed. 680 (1941); *United States v. Warner,* 441 F.2d 821, 825 (5th Cir.), *cert. denied,* 404 U.S. 829, 92 S.Ct. 65, 30 L.Ed.2d 58 (1971).

■ Under this stringent standard, we cannot say that reasonable minds necessarily would decide that appellant played no part in the agreement to obtain and possess

---

1. *Oliva* and *Apollo* recently were overruled in *United States v. James,* 590 F.2d 575 (5th Cir. 1979) (*en banc*). Nonetheless, the *Oliva* prima facie standard governs, rather than the substantial evidence standard announced in *James,* because *James,* effective prospectively thirty days from the date of the opinion, postdated appellant's trial on January 15, 1979. *See United States v. Robinson,* 591 F.2d 1202, 1204 (5th Cir. 1979).

the marijuana with intent to distribute it. Appellant listened to the other conspirators' plans concocted in the barbershop, brought weapons to the shop, warned Mills against revealing the plot, promised assistance to Pittman, returned to Dothan from Ozark with Pittman and Mills on the evening of the aborted transaction, waited with them for a call from the sellers and otherwise complied with arrangements made earlier that day. That the appellant also may have been party to a separate plot to rob some of the others avails him nothing. The circumstantial evidence established a sufficient base for a reasonable jury to infer the knowledgeable and intentional cooperation necessary to establish membership in the conspiracy charged. *United States v. Littrell,* 574 F.2d 828 (5th Cir. 1978).

■ At the time the extrajudicial statements were admitted, appellant did not request and the trial court did not issue an *Apollo* instruction cautioning the jury to find the conspiracy's existence and appellant's participation before it considered the alleged coconspirators' statements. *See United States v. Apollo,* 476 F.2d 156, 163 (5th Cir. 1973), *overruled, United States v. James,* 590 F.2d 575 (5th Cir. 1979). No plain error resulted from the omission. Moreover, during the final charge to the jury the court gave a full and complete instruction under *Apollo,* to which no objection was made. Accordingly, we find no reversible error either in admission of the coconspirators' statements or in the earlier omission of an *Apollo* instruction.

■ If evidence independent of the extrajudicial statements would allow a reasonable jury to find appellant a conspirator in the main plot, the aggregated evidence necessarily is sufficient to sustain appellant's conviction. *United States v. Carreno,* 599 F.2d 680, 683 (5th Cir. 1979).

■ Appellant further contends that evidence of his membership in the main conspiracy was insufficient to attribute to him the possession of marijuana by his alleged coconspirators. The United States Supreme Court in *Pinkerton v. United States,* 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489 (1946), held that a conspirator can be found guilty of a substantive offense committed by a coconspirator and in furtherance of the conspiracy, so long as the coconspirator's acts are within the reasonably foreseeable scope of the conspiracy. Appellant does not suggest that no other conspirator possessed marijuana during the course and in furtherance of the conspiracy, or that such possession was unforeseeable. We have already held that a reasonable jury could have found appellant a participant in the main conspiracy. Therefore, we affirm appellant's possession conviction under *Pinkerton's* vicarious liability theory. *See United States v. Moreno,* 588 F.2d 490 (5th Cir.), *cert. denied,* —— U.S. ——, 99 S.Ct. 2061, 60 L.Ed.2d 666 (1979).

■ Finally, appellant complains that the trial court improperly denied him standing to challenge the admission of certain evidence seized in an allegedly unlawful search. He asserts that he has automatic standing under *Jones v. United States,* 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960), because he was charged with an offense that includes possession as one of its essential elements. Absent a showing in the record or even a claim by appellant that the indictment charged him with possession concurrent with the challenged search, appellant's argument must fail. *Brown v. United States,* 411 U.S. 223, 228, 93 S.Ct. 1565, 36 L.Ed.2d 208 (1973); *United States v. Palazzo,* 488 F.2d 942, 947–48 (5th Cir. 1974). Nor can appellant obtain standing vicariously through his relationship with the conspirator whose father's premises were searched. Even if that conspirator had an arguable possessory interest, appellant could not assert it simply by reason of the partnership. *Alderman v. United States,* 394 U.S. 165, 172, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969). Thus, the trial court's denial of appellant's motion to suppress evidence was without error.

For the foregoing reasons, appellant's conviction is AFFIRMED.