UNITED STATES of America,
Plaintiff-Appellee,

v.

Alvin Bernardo WRIGHT,
Defendant-Appellant.

No. 79–2982
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 30, 1980.

* Fed.R.App.P. 34(a);  5th Cir. R. 18.

J. Richard Young, Asst. Federal Public Defender, Atlanta, Ga., for defendant-appellant.

Howard J. Weintraub, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before BROWN, TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.

JOHN R. BROWN, Circuit Judge:

Appellant, Alvin Bernardo Wright, appeals a District Court ruling denying his motion to dismiss on double jeopardy grounds the indictment against him after a mistrial was declared due to a deadlocked jury. We affirm.

Wright was tried before a jury on the charges of murder of a fellow inmate at the United States Penitentiary in Atlanta, Georgia, in violation of 18 U.S.C.A. § 1111, and conveyance of a weapon in violation of 18 U.S.C.A. § 1792. After five days of trial, almost two and a half days of jury deliberation, with the giving of a modified *Allen*[1] charge and repeat motions by Wright for a mistrial due the Trial Judge declared a mistrial due to the deadlocked jury.

Before the second trial was to begin, Wright moved to dismiss the indictment on the grounds that a retrial would cause him to be placed in jeopardy twice. He contended that he had been forced to move for a mistrial because of prosecutorial misconduct. Alternatively, Wright requested dismissal of the indictment directly because of the prosecutorial misconduct which denied him a fair trial.

According to Wright, the Government engaged in the following conduct which amounted to prosecutorial overreaching: (1) the loss of a photospread shown to one of the witnesses who identified Wright as the assailant, (2) nondisclosure of the name of a witness who could have testified that Wright was taking a shower at the time of the murder, (3) nondisclosure of prison basketball records which would have shown that Wright was not playing basketball with the victim immediately before the murder, (4) nondisclosure of the impeachable character of a key Government witness, (5) introduction of contradictory testimony—that another key Government witness was in two different places at the time of the murder—and (6) improper statements to the jury during trial and at closing argument.

The District Court denied the motion to dismiss the indictment, holding that a retrial after the declaration of a mistrial because of a deadlocked jury did not create double jeopardy. Alternatively, assuming the Court had authority to dismiss the indictment on grounds of prosecutorial misconduct, the District Court found that no such misconduct occurred. Wright now appeals this ruling.

### I. Appealability

■ In *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977), the Supreme Court held that a District Court's denial of a motion to dismiss an indictment on grounds of double jeopardy was an appealable "final order" within the meaning of 28 U.S.C.A. § 1291, as that definition has been broadened through the "collateral order" exception to the final judgment rule created in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Therefore, the denial of Wright's motion to dismiss the indictment and the issue of prosecutorial overreaching, inasmuch as it relates to the double jeopardy question, are reviewable by this Court.[2]

---

1. *Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). The Fifth Circuit has approved the use of the *Allen* charge. *See, e. g., United States v. Bailey*, 480 F.2d 518 (5th Cir. 1973); *United States v. Sutherland*, 463 F.2d 641, 647–48 (5th Cir. 1972); *United States*

*v. Williams*, 447 F.2d 894, 898–900 (5th Cir. 1971).

2. This Court, *en banc*, has recently held that an appeal from the denial of a double jeopardy motion, filed after a first trial, does not divest a District Court of jurisdiction to proceed with a

Implicit in Wright's appeal, however, is the assertion of error in the District Court's failure to dismiss the indictment *as a direct result* of prosecutorial overreaching, separate and apart from the double jeopardy claim. In *Abney*, the Supreme Court specifically addressed the issue of the appealability of claims other than those based on double jeopardy, contained in a defendant's motion to dismiss an indictment:

> In determining that the courts of appeals may exercise jurisdiction over an appeal from a pretrial order denying a motion to dismiss an indictment on double jeopardy grounds, we, of course, do not hold that other claims contained in the motion to dismiss are immediately appealable as well. Our conclusion that a defendant may seek immediate appellate review of a district court's rejection of his double jeopardy claim is based on the special considerations permeating claims of that nature which justify a departure from the normal rule of finality. Quite obviously, such considerations do not extend beyond the claim of former jeopardy and encompass other claims presented to, and rejected by, the district court in passing on the accused's motion to dismiss. Rather, such claims are appealable if, and only if, they too fall within Cohen's collateral-order exception to the final-judgment rule. Any other rule would encourage criminal defendants to seek review of, or assert frivolous double jeopardy claims in order to bring more serious, but otherwise nonappealable questions to the attention of the courts of appeals prior to conviction and sentence. (Citation omitted).

431 U.S. at 662–63, 97 S.Ct. at 2043, 52 L.Ed.2d at 662.

■ Collateral orders, appealable under § 1291, are very few in number. As defined in *Cohen, supra*, they must "finally deter-mine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated. 337 U.S. at 546, 69 S.Ct. at 1225, 93 L.Ed. at 1536. None of Wright's specific claims of governmental misconduct fall within the *Cohen* "collateral order" exception because they will either be resolved or cured at the upcoming trial and effectively reviewed by us on appeal from any such conviction. Thus these claims, in their own right, are not appealable now.

## II. Mistrial And Double Jeopardy

■ We now turn to Wright's primary argument on appeal—that after the declaration of mistrial because of the deadlocked jury, the District Court should have dismissed the indictment on double jeopardy grounds. As a general rule, the genuine inability of a jury to agree on a verdict provides "manifest necessity" for discharge and a mistrial due to a deadlocked jury does not bar reprosecution. *United States v. Perez*, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824). It is clear in this case that the declaration of mistrial was proper and necessary. The jury had deliberated for two and a half days and was hopelessly deadlocked.

■ Another general rule is that a mistrial granted upon a defendant's request or with his approval also does not bar reprosecution. When a defendant moves for or approves of a mistrial, he exercises his control over his prosecution and makes a choice between taking a flawed case to the jury or risking retrial. *See United States v. Dinitz*, 424 U.S. 600, 607–08, 96 S.Ct. 1075, 1080, 47 L.Ed.2d 267, 273–74 (1976); *United States v. Jorn*, 400 U.S. 470, 484–85, 91 S.Ct. 547, 556–557, 27 L.Ed.2d 543, 556–57 (1971).

---

second trial, if the District Court has found the motion to be frivolous. District Courts are now required to make written findings concerning the frivolity of the double jeopardy motion, in order to determine whether or not its appeal divests to District Court of jurisdiction to proceed with the second trial. *United States v. Dunbar*, 611 F.2d 985 (5th Cir. 1980). See also *United States v. Hitchmon*, 602 F.2d 689 (5th Cir. 1979) (en banc) (notice of appeal from a nonappealable order does not divest District Court of jurisdiction taken in interval between filing of notice and dismissal of appeal).

■ An exception to this rule has been created for situations in which the defendant's motion for mistrial is not an exercise of his discretion, but is involuntary due to prosecutorial overreaching.

The Double Jeopardy Clause does protect a defendant against governmental actions intended to provoke mistrial requests and thereby to subject defendants to the substantial burdens imposed by multiple prosecutions. It bars retrials where "bad-faith conduct by judge or prosecutor,"

\* \* \* \* \* \*

threatens the "[h]arassment of an accused by successive prosecutions or declaration of a mistrial so as to afford the prosecution a more favorable opportunity to convict" the defendant.

\* \* \* \* \* \*

(Citations omitted).

*Dinitz, supra,* 424 U.S. at 611, 96 S.Ct. at 1081, 47 L.Ed.2d at 276. Prosecutorial overreaching is not just any error. It is " 'gross negligence or intentional misconduct,' caus[ing] aggravated circumstances to develop which 'seriously prejudice a defendant' causing him to 'reasonably conclude that a continuation of the tainted proceeding would result in a conviction.' " (Footnote omitted.) *United States v. Kessler,* 530 F.2d 1246, 1256 (5th Cir. 1976) *quoting Dinitz, supra,* 424 U.S. at 608, 96 S.Ct. at 1080, 47 L.Ed.2d at 274.

■ Wright attempts to apply the theory of prosecutorial overreaching to the *Perez* rule for mistrials caused by deadlocked juries. He argues that the alleged acts of prosecutorial misconduct forced him to request the mistrial due to the deadlocked jury. Implicit in this is the contention that the governmental errors throughout the trial caused the jury to become deadlocked. We find this argument without merit. The pieces of Wright's "manifest necessity" puzzle simply do not fit together. Any link between bad faith prosecutorial misconduct

during the trial, if it existed, and the jury's inability to reach a verdict is too attenuated to be more than mere speculation. Even less likely is the possibility that any governmental overreaching during the trial directly caused Wright to request a mistrial when the jury became unable to reach a verdict.

If the prosecutorial overreaching alleged by Wright really was so egregious, it would seem that Wright would have been "forced" to request a mistrial as each incident of misconduct occurred. Yet on the occurrence of only two of these alleged incidents did Wright request the declaration of a mistrial. Both times the motions were overruled. As an added safeguard of Appellant's right to be free from double jeopardy, we examine each of these two incidents for bad faith on the part of the prosecution.

■ The first incident occurred when it was discovered that one Government witness' testimony concerning his whereabouts at the time of the murder was inconsistent with pretrial statements made by that witness and another witness.[3] The record reveals that the attorney for the Government did not learn of this inconsistency until the morning that the objection was made. He immediately notified the Court and Wright's attorney. The prosecution's conduct thus was not the bad faith type of conduct contemplated by the Supreme Court when it coined the phrase "prosecutorial overreaching."

Moreover, although it is possible that the inconsistency of this evidence could have confused the jury, we re-emphasize that it was impossible for Wright to know if this was the reason they were unable to reach a verdict. Thus, his motion for a mistrial due the hung jury, could not have been predicated on this incident, even if the prosecutor's actions were sufficiently erroneous to prompt a request for a mistrial at the time the incident occurred.

---

**3.** In fact, the motion for mistrial at that time was not based on possible confusion of the jury at all. It was an objection that the Government had violated *Brady v. Maryland,* 373 U.S.

83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by not disclosing to the defendant before trial the inconsistent statement.

The second incident of alleged governmental overreaching which caused Wright to make an immediate request for a mistrial was the prosecutor's expression during closing argument of his own opinion as to the veracity of a Government witness. This error was not of the magnitude that indicates a deliberate attempt by the prosecution to taint the trial proceedings and force the defendant to request a mistrial. Furthermore, the District Court immediately gave a remedial jury instruction. This error can hardly be said to have caused the hung jury.

Since the other incidents of prosecutorial overreaching alleged by Wright did not prompt requests for mistrials at the time they occurred and since, as stated earlier, any connection between them and the jury's deadlock is totally speculative, we need not consider them.

The ruling of the District Court denying the motion to dismiss was correct.

AFFIRMED.