UNITED STATES of America,
Plaintiff-Appellee,

v.

Joseph J. REY, Sr., Defendant-Appellant.

No. 80–1033.

United States Court of Appeals,
Fifth Circuit.
Unit A

March 30, 1981.

Rehearing and Rehearing En Banc
Denied May 4, 1981.

Raymond C. Caballero, El Paso, Tex., for defendant-appellant.

LeRoy Morgan Jahn, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before WISDOM, POLITZ and SAM D. JOHNSON, Circuit Judges.

SAM D. JOHNSON, Circuit Judge:

Appellant Rey brings this interlocutory appeal from the district court's denial of his motion to dismiss the government's indictment against him on grounds of double jeopardy. This Court dismisses the appeal in part and affirms in part.

Rey and co-defendant Lozano were indicted jointly in Count One under 21 U.S.C.A. §§ 841(a)(1) & 846 for conspiracy to possess heroin with the intent to distribute. Each was charged separately with four and three counts respectively under 21 U.S.C.A. § 843(b) for using a telephone to facilitate the commission of possession of heroin with intent to distribute. After Lozano pleading guilty to one of the telephone facilitation counts, the remaining counts against him were dismissed. Rey then proceeded alone to jury trial on the five counts against him.

At the close of the Government's case, Rey moved for acquittal. The district court denied this motion on all but Count Two, one of the telephone facilitation counts.[1] After the jury found Rey guilty on the remaining four counts, he moved for acquit-tal on them. The trial court granted acquittal on Counts Four and Five, two of the telephone facilitation counts,[2] and denied the motion on Count Three, the remaining facilitation count, and Count One, the conspiracy count. Because of arguably improper jury instructions, the court also granted Rey's motion for a new trial on Counts One and Three.[3] Rey then filed a plea in bar on Counts One and Three on the ground that, because of insufficient evidence and governmental misconduct, double jeopardy barred retrial on them. The district court denied this motion. It is from this denial that Rey takes this interlocutory appeal.

## I. Governmental Misconduct

■ Rey raises three objections in this appeal. The first charges that misconduct and overreaching from Drug Enforcement Administration involvement in the criminal activity denied Rey his due process right to a fundamentally fair prosecution.[4] He then argues that, since the Government's conduct was so outrageous due process should have barred the first trial, he similarly should be able to interpose the due process claim to bar retrial. For the reasons below, this Court holds that this due process claim is outside the scope of review in an interlocutory appeal and instead must be raised on direct appeal from a final judgment.

This appeal is founded on *Abney v. United States*, 431 U.S. 651, 97 S.Ct. 2034, 52

1. Although the court did not expressly state the reasons it granted acquittal on Count Two, it appears from a review of the record that it must have been the same as the reason the court gave when it later acquitted defendant on Counts Four and Five, two other telephone facilitation counts.

2. The court granted these acquittals because the evidence showed that the substance that was the subject of each telephone conversation alleged in those counts was sham heroin and not "heroin" as alleged in the indictment. Since possession of sham substances with intent to distribute is not an offense, *see United States v. Binetti*, 552 F.2d 1141 (5th Cir. 1977), facilitation of such possession is also not an offense. The acquittal motion was denied,

however, on Count Three since the subject of its telephone conversation was real rather than sham heroin.

3. The district had refused to give the jury two of Rey's requested instructions because it felt that Rey's theory of defense was adequately presented elsewhere in the charge. The motion for new trial was granted, however, because the court, out of an abundance of caution, desired to ensure that the jury charge completely and sufficiently present all defensive theories.

4. This undue participation is alleged to exist because the DEA supplied illegal substances to the defendants when Rey's prior involvement in drugs is allegedly not demonstrable.

L.Ed.2d 651 (1977). There the Court held that appellate courts have jurisdiction to entertain appeals from pre-trial orders denying dismissal on double jeopardy grounds. The Court reasoned that since the double jeopardy clause forbids a second trial, such a denial was within the "collateral order" exception in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), to the final judgment rule of appellate jurisdiction. The interlocutory appeal that *Abney* permits is limited to double jeopardy claims and does not include other challenges. *Abney*, 431 U.S. at 662–63, 97 S.Ct. at 2041–42 (claim for dismissal on ground of insufficiency of the indictment is not within interlocutory appeal). Therefore, this claim of denial of due process is not properly within an *Abney* appeal, and must independently qualify under *Cohen's* collateral order exception. *Abney*, 431 U.S. at 663, 97 S.Ct. at 2042.

■ Collateral orders within the exception are those that conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and are effectively unreviewable on appeal from a final judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978). In this case, it is clear that the initial requirement is met since the district court denied the motion to dismiss the indictment on its asserted ground of governmental misconduct. This conclusively determined the disputed question. However,

the second requirement is not met since the important due process issue is not completely separate from the merits of the action. Rather, it goes to Rey's guilt. This due process claim is similar to the claim of entrapment; in effect Rey argues that but for the governmental misconduct he would not have committed any offense. Finally, the due process claim can be effectively reviewed following judgment on the merits.[5] Therefore, this due process claim does not fall within *Cohen's* collateral order exception to the final judgment rule. *Accord, United States v. Wright*, 622 F.2d 792, 794 (5th Cir. 1980); *United States v. Barham*, 608 F.2d 602, 604 (5th Cir. 1979). This Court dismisses the appeal as to this issue.

## II. Partial Denial of the Acquittal Motion: Insufficiency of the Evidence

■ The second objection is that the district court should have granted the acquittal motion, and comprises three claims. Rey initially asserts that the evidence is insufficient to establish a conspiracy between himself and Lozano. Rey next claims that the Government's evidence, in rebuttal to Rey's initial showing of the defense of entrapment, is insufficient to show by a preponderance of the evidence his predisposition to commit the charged crime. His final claim is that there is insufficient evidence as to the underlying offense of possession for the telephone facilitation count.[6]

---

5. In *Abney* the third prong of the collateral order test was met because the legal and practical value of the asserted right would be destroyed if it were not vindicated before trial. In other words, appeal after final judgment would not be able to effectively review or cure the denial of a fundamental right. This was because the double jeopardy clause protects not only against a second conviction for the same crime, but against the second trial itself. Any due process protection here is against conviction for a crime committed in the context of improper governmental conduct. As noted in *Abney*, the right not to be convicted twice for the same crime can be fully vindicated on an appeal following final judgment. 431 U.S. at 660, 97 S.Ct. at 2040.

6. The elements of proof for the § 843(b) facilitation count are (1) knowing or intentional (2)

use of a telephone (3) to facilitate the commission of an offense. It is this third element that is the focus of Rey's insufficiency challenge. Whatever underlying offense is charged must be proved by a preponderance of the evidence, even though it is not separately charged. *See United States v. Watson*, 594 F.2d 1330, 1342–43 (10th Cir. 1979), *cert. denied sub nom. Brown v. United States*, 444 U.S. 840, 100 S.Ct. 78, 62 L.Ed.2d 51 (1979); *United States v. Thomas*, 586 F.2d 123, 130–31 (9th Cir. 1978); *United States v. Hannah*, 584 F.2d 27, 28–30 (3d Cir. 1978); *United States v. Pierorazio*, 578 F.2d 48, 50–51 (3d Cir. 1978), *cert. denied*, 439 U.S. 981, 99 S.Ct. 568, 58 L.Ed.2d 652 (1978). When the underlying offense is an inchoate one such as attempt or conspiracy, then the attempt or conspiracy is all that must be shown to establish the underlying offense, and it is not necessary to show completion of the objective

■ These three claims of insufficient evidence—as to entrapment, conspiracy, and the underlying possession offense for the facilitation count—cannot be resolved in this appeal. "Although in form the question presented here is that of denial of a motion asserting double jeopardy, in reality and substance the appellants seek review of their motions to acquit made at the first trial." *United States v. Becton*, 632 F.2d 1294, 1296 (5th Cir. 1980). That language accurately describes Rey's second objection.

Denials of motions to acquit are not interlocutorily appealable because, being nothing more than a motion for directed verdict, they are not collateral to the merits but are instead "precisely directed" to them. *Becton*, 632 F.2d at 1297. The second element of the collateral order test is thus not met. Indeed, by this appeal this Court is asked to decide whether the evidence is sufficient and the denial of the acquittal motion erroneous. *Id.* at 1296. An appellate determination of the sufficiency of the evidence properly lies in an appeal after final judgment. If, on the other hand, the dismissal motion is founded on the interposition of a prior determination of insufficiency as a bar to retrial, then appeal

from denial of that motion presents the appellate court with a double jeopardy claim. *Id.* Such a prior determination can be a jury finding of not guilty, a trial judge's grant of an acquittal motion, or an earlier appellate court reversal on insufficiency grounds, among others. *See id.* Put simply, the appellate court must be asked to decide whether there is a prior determination of insufficiency that bars retrial, not whether the evidence was insufficient.[7]

Here, the district court found the evidence sufficient to submit all but Count Two to the jury. The jury convicted defendant on all the other counts in the indictment. The trial judge then found, in ruling on the acquittal motion, that the evidence was sufficient to support the conviction only on Counts One and Three. The new trial on these counts was granted on procedural grounds. At no point was there a determination that the evidence on Counts One and Three was insufficient. In fact, all decisions throughout this proceeding were that such evidence was sufficient. Therefore, the claimed insufficiency of the evidence at Rey's first trial is properly decided only on appeal after any conviction in

---

of that inchoate crime. *Thomas*, 586 F.2d at 130–31; *Pierorazio*, 578 F.2d at 50–51. When the Government charges as the underlying offense the substantive object of the inchoate crime rather than the attempt or conspiracy itself, then by definition the Government must prove the completed object when establishing the underlying offense. *See Watson*, 594 F.2d at 1342–43 (underlying offense of possession with intent to distribute supported by sufficient evidence). In this case the underlying offense charged was possession of heroin with intent to distribute. Rey claims that there is insufficient evidence of possession because Rey's co-conspirator Lozano took delivery of the actual heroin and that Rey himself received only sham heroin.

The Government argues that Rey was in constructive possession of the real heroin. Constructive possession, as much a violation of § 841 as is actual possession, exists if the defendant knowingly has the power and intention to exercise dominion or control over a thing either directly or through another person. *United States v. Martinez*, 588 F.2d 495, 498 & n.3 (5th Cir. 1979). In the context of conspiracy, constructive possession is similar to the

theory of attributed possession. *United States v. Hodges*, 606 F.2d 520, 523 (5th Cir. 1979), cert. denied, 444 U.S. 1035, 100 S.Ct. 708, 62 L.Ed.2d 671 (1980) (co-conspirator's drug possession attributed to defendant if committed in furtherance of conspiracy and is within reasonably foreseeable scope of conspiracy).

Evidence of the power of control in this context requires a showing of the existence of the conspiracy, which Rey argues is not supported by sufficient evidence. Section 843(b), however, is not so narrow as to require that the facilitator commit the facilitated offense. The statute can be satisfied by the knowing or intentional use of the telephone to facilitate another person's commission of an offense. Therefore, the sufficiency analysis must focus on proof of Lozano's actual possession of heroin with intent to distribute.

7. Had the district court set not only Counts One and Three for new trial, but any of the counts on which Rey was granted acquittal, Rey could have presented to this Court by way of interlocutory appeal the claim that he could not be retried on any of the acquitted counts.

his second trial.[8] This Court also dismisses the appeal as to this issue.

### III. *Partial Denial of the Acquittal Motion: Acquittal on Related Counts*

■ Rey's third and final objection is that the district court should have disposed of Count Three of the indictment in the same manner as the other facilitation counts. In effect, Rey argues that the basis for acquittal on Counts Two, Four, and Five applies to Count Three. The assertion that a prior determination of insufficient evidence—the acquittal on the other counts—applies to the remaining related count properly raises a double jeopardy issue. *See United States v. Tammaro*, 636 F.2d 100 (5th Cir. 1981). This argument is not unlike

that of collateral estoppel: The acquittal on the other facilitation counts necessarily determined a fact essential to Count Three, thereby precluding retrial on Count Three. *See, e. g., United States v. Lee*, 622 F.2d 787 (5th Cir. 1980); *United States v. Larkin*, 605 F.2d 1360 (5th Cir. 1979), *modified on rehearing*, 611 F.2d 585 (5th Cir. 1980), *cert. denied*, 444 U.S. 939, 100 S.Ct. 2168, 64 L.Ed.2d 793 (1980); *United States v. Venable*, 585 F.2d 71 (3d Cir. 1978). This Court, therefore, has jurisdiction over this interlocutory appeal from the denial of the motion to dismiss to the extent of this single ground of prior related acquittals.[9]

■ Turning to the merits of Rey's double jeopardy argument, this Court finds

8. *United States v. Wilkinson*, 601 F.2d 791, 795 (5th Cir. 1979) (decision denying acquittal motions in first trial reviewable in appeal from second conviction, if any). Contrary to Rey's assertion, *Wilkinson* should not be read as implying that a denial of an acquittal motion is interlocutorily appealable. That case expressly stated that such orders are neither final nor interlocutorily appealable. *Id.* at 794. It then went on to hold that the advent of interlocutory double jeopardy appeals under *Abney* in no way affected the defendant's right to raise in an appeal from the second trial any alleged errors, such as a denial of an acquittal motion, made in the first trial. *Id.* at 795. The plain implication is that there is no such diminution of the defendant's rights precisely because the *Abney* appeal does not encompass denials of acquittal motions.

It should also be noted that successfully moving for a new trial does not affect the appealability of a subsequent denial of a dismissal motion on double jeopardy grounds. *See, e. g., United States v. Venable*, 585 F.2d 71 (3d Cir. 1978). More often, interlocutory double jeopardy appeals follow a court order of new trial occasioned by the defendant's successful motion for mistrial. *See, e. g., United States v. Charette*, 625 F.2d 57 (5th Cir. 1980). The effect of the new trial, rather, is to preclude review of errors in the first trial until appeal from conviction, if any, in the second, unless the issue raised is properly within the collateral order or any other exception to the final judgment rule of appellate jurisdiction. Had a new trial not been ordered here, Rey could have presented to this Court by way of direct appeal from the final judgment his claim of insufficient evidence. Because of the new trial, however, this claim must await the appeal, if any, from the outcome of Rey's second trial.

9. *Becton* is not to the contrary. In *Becton* the defendant moved for acquittal at the end of the

Government's case. This motion was denied. The jury deadlocked and mistrial was declared. The acquittal motion was renewed after the jury's discharge. This was partly granted but in the main denied. When the remaining counts were set for retrial, the defendant renewed the motion to acquit and made an additional motion to dismiss on double jeopardy grounds. Because the jury was hung, the double jeopardy argument ran, the evidence was insufficient. The motions to acquit and dismiss were denied. This Court dismissed the appeal from that denial.

A close reading of *Becton*, however, shows that this Court actually took jurisdiction of the only possible double jeopardy claim and then reached the merits of it. Two claims were presented on appeal in *Becton*: that the denial of the motion to acquit was erroneous, clearly a claim outside a proper interlocutory appeal, and that the inability of the jury to convict or acquit was a prior determination that the evidence was insufficient, a claim which, if true, would bar retrial on double jeopardy grounds. This Court held that a hung jury is not a determination that the evidence is insufficient, but only an inability to say whether the evidence was or was not sufficient for reasons that may or may not relate to the sufficiency of the evidence. 632 F.2d at 1296. Having disposed of the merits of the double jeopardy claim adversely to defendant, there remained nothing more to the appeal. Although in matters of jurisdiction precision is desirable, *Becton* cannot be faulted for dismissing the appeal rather than affirming the denial of the motion to dismiss since the outcome was exactly the same in either case—review of the sufficiency claims was delayed until any appeal from a final judgment in the second trial.

none. The district court granted acquittal on Counts Two, Four, and Five because the telephone conversation for each count concerned only sham heroin. Since possession of sham substances is not an offense, *United States v. Binetti*, 552 F.2d 1141 (5th Cir. 1977), the court held that facilitation of such possession is also not an offense. Rey argues that this reasoning also applies to Count Three since he was never in possession of real heroin, only of sham heroin.

The telephone conversation for Count Three, however, did concern real heroin: Rey arranged with the Government informant for delivery of a heroin sample. Lozano, Rey's co-conspirator, took delivery of the sample and tested it. Therefore, Rey knowingly and intentionally used the telephone to facilitate Lozano's possession of real heroin.[10] Though the counts are related, the basis for the acquittal on Counts Two, Four, and Five is thus inapplicable to Count Three. The acquittal on the other counts, therefore, does not place Rey in double jeopardy with respect to retrial on Count Three. Accordingly, this Court affirms the district court's denial of the motion to dismiss the indictment on double jeopardy grounds.

APPEAL DISMISSED IN PART, AFFIRMED IN PART.

---

**10.** Part of Rey's argument that the acquittal of Counts Two, Four, and Five applies to Count Three proceeds on his assumption that the Government must prove Rey's actual possession. As note 6 *supra* makes clear, however, the statute does not require the facilitator commit the underlying offense, only that he facilitate its commission. This includes facilitating another person's commission of the underlying offense. In this case, Rey facilitated Lozano's possession. Of course, whether the evidence is sufficient to show Lozano's possession of heroin with intent to distribute, and therefore whether the Government showed all elements of Count Three, is a matter not properly before this Court at this time.