United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 4, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 05-40560
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SABY MORENO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:04-CR-277-2
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Saby Moreno appeals following her jury-trial convictions on one count of conspiring to possess with intent to distribute a controlled substance (Count One) and on one count of conspiring to launder financial instruments (Count Two). Moreno first challenges the sufficiency of the evidence on Count Two. Because the issue of the sufficiency of the evidence was preserved, the applicable standard of review is "whether, viewing all the evidence in the light most favorable to the verdict, a rational

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trier of fact could have found that the evidence establishes the essential elements of the offense beyond a reasonable doubt." United States v. Villarreal, 324 F.3d 319, 322 (5th Cir. 2003).

Moreno argues that the evidence is insufficient because there is no proof that she disposed of the proceeds of the drug distribution activity by giving them to another person or that money from drug distribution was actually used to pay the supplier of drugs. Moreno, however, was charged for her participation in a money laundering conspiracy, not for a substantive money laundering offense. "When the underlying offense is an inchoate one such as attempt or conspiracy, then the attempt or conspiracy is all that must be shown . . . , and it is not necessary to show completion of the objective of that inchoate crime." United States v. Rey, 641 F.2d 222, 224 n.6 (5th Cir. 1981).

The evidence adduced at trial showed that cocaine was hidden in a vehicle registered to Moreno and that Moreno, with the assistance of a pilot whom she contacted, transported the cocaine to Louisville, Kentucky, where it was sold. Moreno participated in counting out the drug proceeds and an amount sufficient to pay the cocaine supplier, whom Moreno identified, was placed into a bag. The evidence was sufficient to establish that Moreno joined a conspiracy to launder monetary instruments with the intent to promote the carrying on of unlawful drug distribution activity.

See <u>United States v. Threadgill</u>, 172 F.3d 357, 366 (5th Cir. 1999); 18 U.S.C. §§ 1956(a)(1)(A)(i), (h).

Moreno also contends that the evidence is insufficient to prove that she engaged in a financial transaction involving proceeds from drug trafficking in order to conceal the ownership or control of the proceeds of drug trafficking. Because, as discussed above, the evidence was sufficient to show that Moreno joined a conspiracy to launder monetary instruments with the intent to promote the carrying on of unlawful drug distribution activity, this argument fails. See <u>United States v. Johnson</u>, 87 F.3d 133, 136 n.2 (5th Cir. 1996).

Moreno also argues that the district court violated her right under the Sixth Amendment to a unanimous jury verdict by failing to give an instruction requiring the jury to unanimously agree on which provision of 18 U.S.C. § 1956 she violated. As Moreno concedes, her failure to raise the issue in the district court limits this court to plain error review. See <u>United States v. Alford</u>, 999 F.2d 818, 824 (5th Cir. 1993).

"In the routine case, a general unanimity instruction will ensure that the jury is unanimous on the factual basis for a conviction, even where an indictment alleges numerous factual bases for criminal liability." <u>United States v. Holley</u>, 942 F.2d 916, 925-26 (5th Cir. 1991). However, such an instruction is insufficient if "there exists a genuine risk that the jury is confused or that a conviction may occur as the result of

different jurors concluding that a defendant committed different acts."  Id. at 926 (citation and quotation marks omitted).

Here, the district court did give a general unanimity instruction, and Moreno fails to point to any evidence of confusion or disagreement within the jury.  Moreno has failed to establish plain error.  See United States v. Tucker, 345 F.3d 320, 336 (5th Cir. 2003) (finding no plain error where appellant "does not corroborate his claim of prejudicial error with a modicum of evidence tending to show that the jury was confused or possessed any difficulty reaching a unanimous verdict").

AFFIRMED.