# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40796
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERNESTO MADRIGAL-SOLORIO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-30-1

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ernesto Madrigal-Solorio (Madrigal) pleaded guilty to being found in the United States after previous deportation following an aggravated felony conviction. In this appeal, Madrigal contends that the district court reversibly erred by imposing a 16-level "drug trafficking offense" enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) based on his 2003 conviction for possession of a controlled substance for sale in violation of California Health and Safety Code

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 11351 and his 2007 conviction for use of a communication facility to facilitate a felony drug offense in violation of 21 U.S.C. § 843(b).

Madrigal did not object to the § 2L1.2(b)(1)(A)(i) enhancement in the district court, and thus our review of his arguments are for plain error. *See United States v. Henao-Melo*, 591 F.3d 798, 801 (5th Cir. 2009). To be plain, an "'error must be clear or obvious, rather than subject to reasonable debate.'" *United States v. Ellis*, 564 F.3d 370, 377-78 (5th Cir. 2009) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

Madrigal challenges the district court's characterization of his § 843(b) conviction as a drug trafficking offense on the ground that, under *Descamps v. United States*, 133 S. Ct. 2276 (2013), § 843(b) is an indivisible statute to which the modified categorical approach of *Shepard v. United States*, 544 U.S. 13, 16 (2005), does not apply. Because the statute may be violated in ways that do not constitute a generic "drug trafficking offense," he argues, a prior conviction under § 843(b) may never qualify as a drug trafficking offense for purposes of § 2L1.2(b)(1)(A)(i).

Madrigal's argument that his § 843(b) conviction is not a drug trafficking offense relies only on an extension of the Supreme Court's reasoning in *Descamps*. Because it asserts a novel legal theory, the district court did not commit a clear or obvious error in failing to recognize it. *See United States v. Evans*, 587 F.3d 667, 671 (5th Cir. 2009) (concluding that any error was not plain where argument was novel and not supported by circuit precedent). Since by its terms § 2L1.2(b)(1)(A)(i) need only be supported by a single drug trafficking conviction, Madrigal's challenge to the district court's reliance on his § 11351 conviction as an additional basis for the sentence enhancement need not be considered. The judgment is AFFIRMED.