# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40470

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

HUMBERTO MARTINEZ-VIDANA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before STEWART, Chief Judge, and JONES and DENNIS, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Humberto Martinez-Vidana appeals his 50-month sentence for illegally reentering the United States after deportation. He challenges the application of a 16-level enhancement for a prior "drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(A)(i), which the court based on his prior conviction under 18 U.S.C. § 2 and 21 U.S.C. § 843(b) for aiding and abetting the use of a communication facility to facilitate a felony drug offense. Martinez-Vidana argues that § 843(b) proscribes conduct that falls outside the generic definition of a drug trafficking offense and that *Descamps v. United States*, 133 S. Ct. 2276 (2013), forecloses the modified categorical approach of *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254 (2005), because the nature of the underlying drug crime is not an element of a § 843(b) offense that a jury must

find beyond a reasonable doubt.  The modified categorical approach is applied only to "divisible" statutes, *i.e.* those that "set[] out one or more *elements* of the offense in the alternative—for example, stating that burglary involves entry into a building *or* an automobile." *Descamps*, 133 S. Ct. at 2281 (first emphasis added, second in original).  If, as Martinez-Vidana argues, the drug crime underlying a § 843(b) conviction is found by a preponderance of the evidence rather than beyond a reasonable doubt, then it is not an "element" of a § 843(b) offense, rendering the statute indivisible and prohibiting use of the modified categorical approach.  *See id.* at 2288 ("[T]he only facts the court can be sure the jury [found beyond a reasonable doubt] are those constituting elements of the offense.").

We review Martinez-Vidana's claim for plain error only as he did not raise it in the district court.  *See United States v. Chavez-Hernandez,* 671 F.3d 494, 497 (5th Cir. 2012).  "Plain error review requires four determinations: whether there was error at all; whether it was plain or obvious; whether the defendant has been substantially harmed by the error; and whether this court should exercise its discretion to correct the error in order to prevent a manifest miscarriage of justice." *Id.*

There is no error.  Two prior unpublished decisions of this circuit have held, in cases substantively identical to the instant one, that the district court did not commit plain error because the appellant's argument relies an extension of *Descamps*.  *See United States v. Madrigal-Solorio*, 633 Fed. App'x 278 (5th Cir. 2016); *United States v. Vilema-Esquivel*, 616 Fed. App'x 169 (5th Cir. 2015).  We now hold precedentially that applicable law forecloses Martinez-Vidana's argument.

Martinez-Vidana's argument turns on the proposition that proof of the drug offense underlying a § 843(b) facilitation offense need only be established by a preponderance of the evidence.  He cites *United States v. Rey*, 641 F.2d

2

No. 15-40470

222, 224 n.6 (5th Cir. Unit A March 1981), for this proposition. *Rey* and other precedent establish that the underlying drug offense is an element of the facilitation offense. *See, e.g., United States v. Powell*, 469 U.S. 57, 60 n.4, 105 S. Ct. 471, 474 n.4 (1984) ("The lower courts seem to agree that the Government must prove, as an element of a § 843(b) offense, the commission of the felony that the accused is charged with facilitating."); *United States v. Mankins*, 135 F.3d 946, 949 (5th Cir. 1998) (facilitation element "requires proof of the underlying drug offense that the defendant is accused of facilitating, even though it is not separately charged"). The Supreme Court in *Gaudin* made clear, however, that all elements of a crime must be proven beyond a reasonable doubt. *United States v. Gaudin,* 515 U.S. 506, 510, 115 S. Ct. 2310, 2313 (1995). To that extent, *Rey* has been overruled. The Fifth Circuit pattern jury charge, in accord with this conclusion, instructs the jury that in order to find the defendant guilty of violating § 843(b) it "must be convinced that the government has proved . . . *beyond a reasonable doubt* . . . [t]hat the defendant used the 'communication facility' with the intent to commit [facilitate the commission of] [cause the commission of] the felony offense of ————— (describe the offense, e.g., possession with intent to distribute a controlled substance), as that offense has been defined in these instructions." Fifth Cir. Pattern Crim. Jury Instruction § 2.94 (2015) (emphasis added). Because the underlying drug offense must be proven beyond a reasonable doubt, there is no question that it is an "element" for purposes of *Descamps*, rendering § 843(b) divisible and allowing the application of the modified categorical approach. Because the district court did not err legally, there is no basis for finding plain error, and the court's sentence is **AFFIRMED**.

3