# STATE v. HOWARD GESELL.[1]

## May 18, 1917.

## Nos. 20,418—(3).

**Criminal law — assault — conviction not sustained.**

Defendant was charged with resisting a police officer and convicted of assault in the second degree. *Held*, that the verdict was not sustained by the evidence.

Defendant was indicted by the grand jury charged with the crime of assault in the second degree upon an officer, tried in the district court for Pennington county before Grindeland, J., and a jury which returned a verdict of guilty as charged. From an order denying his motion for a new trial, defendant appealed. Reversed.

*Charles E. Boughton* and *O. A. Naplin,* for appellant.

*Lyndon A. Smith,* Attorney General, *James E. Markham,* Assistant Attorney General, and *H. O. Kjomme,* County Attorney, for respondent.

QUINN, J.

Defendant was indicted, charged with resisting a police officer, tried and convicted of assault in the second degree, and, from an order denying his motion for a new trial, he appealed.

On the day in question, May 26, 1916, defendant resided in a cottage on the west side of Horace avenue, in the city of Thief River Falls in Pennington county. He was a cigar maker and had his factory across the street from his residence. The chief of police of the city had a warrant for the arrest of defendant for the illegal sale of intoxicating liquor, also a search warrant to search his premises, both dwelling and factory, for liquor. With these warrants in his possession, the chief, in company with another officer, went to the residence, where he found the defendant and informed him that he had a warrant for his arrest, then read the warrant and told the defendant to consider himself under

[1]Reported in 162 N. W. 683.

arrest. The officer then read the search warrant and defendant told him to go ahead and search the place. While the officers were searching, defendant went across the street to his factory. When they had finished searching, the officers went across to where the defendant was standing, near the door of the factory, and, as they approached him, defendant grabbed an eyelet press and began swinging it and telling the officers that they could not come in. The chief then drew his gun and informed defendant that if he did not drop the iron he would use the gun on him. The officers then informed defendant that they had a search warrant, and that he should behave himself, and the defendant lowered his hands and told them that if they had a search warrant they might come in and search. The three men then went into the building, defendant taking the press with him. After getting well into the building and without any further talk, the chief grabbed the press and told defendant to let go of it. Defendant refused and a scuffle followed. Defendant dropped the press, and the scuffle continued until the three tumbled out through the door and down onto the ground, a distance of some three or four feet. No blows were struck, nor were any of the parties injured in the melee.

Upon the trial there was no substantial discrepancy in the testimony of the witnesses as to what occurred between the parties. Had the defendant, after being arrested at the dwelling, been taken to the station instead of being allowed to roam about the streets, no trouble, in all probability, would have occurred. We are of the opinion that the verdict was not warranted by the evidence and should not be allowed to stand. The order is reversed.