[Criminal No. 441.  Filed June 23, 1917.]

[166 Pac. 288.]

FRANCISCO PORRAS, Appellant, v. STATE, Respondent.

1. INTOXICATING LIQUORS—ILLEGAL SALE—QUESTIONS FOR JURY.—Evidence *held* to present a jury question whether accused made illegal sales of intoxicating liquors.

   [As to what is an unlawful sale of intoxicating liquor, see note in 12 Am. St. Rep. 353.]

2. INTOXICATING LIQUORS—ILLEGAL SALES—EVIDENCE—ADMISSIBILITY. In a prosecution for illegal sale of intoxicating liquor, testimony that on the day following the alleged sale accused had in his possession liquor of the same kind and in similar containers, was admissible.

3. CRIMINAL LAW—HARMLESS ERROR.—In prosecution for illegal sale of intoxicating liquors, an instruction by reading Constitution, article 24, as to receipt of liquors, or possession thereof, was so foreign to the issue as not even to be prejudicial.

4. CRIMINAL LAW—TRIAL—CURE OF ERRORS.—Error in sustaining objection to a question put to a witness is cured by the witness' act later in giving the same evidence sought by the question.

APPEAL from a judgment of the Superior Court of the county of Greenlee.  F. B. Laine, Judge.  Affirmed.

Mr. L. Kearney, for Appellant.

Mr. Wiley E. Jones, Attorney General, and Mr. Geo. W. Harben and Mr. R. W. Kramer, Assistant Attorneys General, for the State.

PER CURIAM.—The appellant was charged with and convicted of selling to one Manuel Gonzales two bottles of wine in violation of the prohibition laws of the state.  He appeals from the judgment of conviction and the order overruling his motion for a new trial, and assigns several errors.  These errors are that the judgment is not supported by the evidence nor by the law; in the admission and rejection of evidence; and in misdirecting the jury.

The evidence as to the *corpus delicti* was conflicting.  The prosecuting witness testified positively that he purchased the

two bottles of wine from the appellant, paying therefor the sum of $1. The appellant testified with equal positiveness that he did not sell any wine to the prosecuting witness. In support of the prosecuting witness' testimony it is shown that on the evening of the alleged sale he was taken into the possession of a deputy sheriff, and at the time had in his possession two bottles of wine. He was placed in jail and told by the sheriff that he would be kept in jail for six months, unless he told from whom he bought the wine. The following day he informed the officers that he had bought it from appellant. The officers thereupon searched the appellant's premises and found several barrels of wine and bottles of wine like the ones found on the witness; also some cases of whiskey. Three or four witnesses in behalf of the appellant testified that they were present at the appellant's place of business at the time of the alleged sale, and that they did not see the prosecuting witness Manuel Gonzales at that place, and did not see any sale of liquors made by appellant to the prosecuting witness. It was also shown by the defense that the prosecuting witness stated that he found the wine in a water-closet. This is in substance the testimony submitted on the trial.

It cannot be said that there was not substantial evidence to support the charge made against appellant. There was conflict, but it was the duty of the jury to reconcile these conflicts and to determine upon which side the truth lay—they had the witnesses before them, and could better judge of their credibility from their manner and conduct than we can, and their verdict on that question is final.

It is next objected that the court erred in permitting evidence showing that appellant on the following day after the alleged sale had in his possession and at his place of business several barrels and bottles of wine like that found in the possession of the prosecuting witness, and also that whiskey was found there. In view of the fact that intoxicating liquors in this state are outlawed, and the further fact that the appellant had this quantity at his place of business (pool-hall) and not at his residence, we think that his possession of it was a circumstance proper for the jury to consider for whatever it was worth. If appellant had this liquor for his own personal use, as he contends, and not for sale, the question suggests itself why he should keep it at such a public place as a pool-

hall. We think this evidence tended to support the prosecuting witness, and was properly admitted.

The most serious question raised by the appellant is upon an instruction given by the court. The court read to the jury bodily article 24, being the last amendment to the Constitution concerning prohibition, which makes it a misdemeanor for any person in Arizona to receive or cause to be received from without the state for any purpose any intoxicating liquors of any kind; or for any person to have in his possession for any purpose any intoxicating liquors of any kind which he has introduced or caused to be introduced; or for any person to transport or cause to be transported within the state any intoxicating liquor of any kind, except wine for sacramental purposes and grain alcohol for scientific uses and denatured alcohol. Why this instruction should have been given it is not easy to see. It certainly has no application to the issue being tried. It was so foreign to the issue that we cannot think that the jury considered it or took it seriously, especially in view of another instruction wherein the court told the jury:

"The question for you to determine, and the only one requiring your consideration, is: Did the defendant make the sale of intoxicating liquor, in manner and form as alleged in the information, which has been read to you, and has the state proven that charge beyond a reasonable doubt? If it has, you should convict, and if not, then acquit the defendant."

Complaint is also made that the court committed error in sustaining the objection made by the prosecution to an impeaching question put to one of the witnesses; the objection being that it was a direct question. The foundation for the question had already been laid, and the question was put in the only proper way it could be propounded under the rules of evidence. The court erred in sustaining the objection, but later the witness gave the impeaching evidence sought by this question, which had the effect of curing the error.

Not finding any prejudicial error in the record, the judgment of the lower court is affirmed, and accordingly so ordered.

---

On power of legislature to make possession of intoxicating liquor *prima facie* evidence of an attempt to violate the law against illegal sales, see note in 1 L. R. A. (N. S.) 626.