[Criminal No. 451.    Filed February 1, 1919.]

[178 Pac. 30.]

GEORGE BAUMGARTNER, Appellant, v. STATE, Respondent.

1. CRIMINAL LAW—QUESTIONS FOR JURY.—It is the sole province of the jury to determine, in a criminal case, which of two conflicting versions of the evidence is true.

2. CRIMINAL LAW—REVIEW.—Where the evidence was conflicting, the court on appeal cannot, in the absence of prejudicial error, disturb the verdict resting upon substantial evidence.

3. CRIMINAL LAW—QUESTIONS FOR JURY—CREDIBILITY OF DETECTIVES. In prosecution for illegal sale of liquor, credibility of testimony of detectives employed to discover violations is for the jury.

4. CRIMINAL LAW — TESTIMONY OF ACCOMPLICES — CORROBORATION — "AID"—"ABET"—"ACCOMPLICE."—One who purchased intoxicating liquor is not an accomplice with the seller within Penal Code of Arizona of 1913, sections 27, 1051, since to aid or abet, within section 27, requires an approach to the crime from the same angle as the principal, whereas a purchaser of liquor approaches from a different angle than that of the seller.

5. CRIMINAL LAW — INSTRUCTIONS — CREDIBILITY OF DETECTIVES.—In prosecution for illegal sale of intoxicating liquors, where the only evidence of sale was that of three detectives, instruction that the fact that they were detectives and bought liquor for the purpose of securing evidence could be considered in weighing their testimony, and was all that accused was entitled to.

6. INTOXICATING LIQUORS—ILLEGAL SALE—EVIDENCE—ADMISSIBILITY.—Where owner of pool-hall was accused of selling Bourbon whiskey illegally, the fact that a keg of rye whiskey was found in the basement of his pool-hall was admissible in evidence and proper for consideration of the jury.

7. CRIMINAL LAW—LIMITING NUMBER OF CHARACTER WITNESSES.—In prosecution for illegal sale of intoxicating liquor, action of court in limiting character witnesses of defendant to seven *held* not an abuse of discretion.

8. CRIMINAL LAW—HARMLESS ERROR—LIMITING NUMBER OF WITNESSES. In prosecution for illegal sale of intoxicating liquors, limiting accused's character witnesses to seven was not prejudicial, where the testimony of the seven was not controverted.

9. CRIMINAL LAW—LIMITING NUMBER OF CHARACTER WITNESSES.—As a general rule, the trial court, in the exercise of a sound and reasonable discretion, has the power to limit the number of witnesses who shall testify to a particular fact.

10. WITNESSES — IMPEACHMENT — SPECIFIC ACTS.—In prosecution for illegal sale of liquor, witnesses for the prosecution could not be impeached by showing that they had sold whiskey to women, that one of them had stolen a dog, that one of them was seen drunk, and that they collected money from others for the purpose of buying whiskey to be drunk at a dance; such matters not being felonies, and the character and reputation of a witness not being provable by specific instances of misconduct.

11. WITNESSES—CORROBORATION OF UNIMPEACEHD WITNESS.—In prosecution for illegal sale of intoxicating liquors, where the prosecution did not attack accused's reputation for truth and veracity, evidence to sustain his credibility was not admissible.

APPEAL from a judgment of the Superior Court of the county of Coconino. George H. Crosby, Jr., Judge. Affirmed.

Mr. X. N. Steeves and Mr. J. E. Jones, for Appellant.

Mr. Wiley E. Jones, Attorney General, Mr. Geo. Harben, and Mr. L. B. Whitney, Assistant Attorneys General, and Mr. C. B. Wilson, County Attorney for the State.

BAKER, J.—The appellant was convicted of selling intoxicating liquor to W. A. Shackley, and appeals.

It appears from the testimony that the Thiels Detective Service Company was employed by the county of Coconino to procure evidence of violations, if any, of the prohibition amendment in that county; that, pursuant to this employment, the

company sent three of its detectives, W. A. Shackley, H. C. Whitney and C. W. Penturf, to Coconino county to procure such evidence; that the appellant was engaged in the business of stock-raising and also, at the time of the commission of the alleged offense, operated or conducted a poolroom and soft drink establishment in Williams, Coconino county, Arizona; that on the twenty-first day of March, 1917, the detectives, Shackley, Whitney and Penturf, all three, went to the poolroom of appellant for the avowed purpose of obtaining evidence against the appellant for the unlawful sale of intoxicating liquor, by inducing him to sell such liquor, and each one of said detectives bought a round of drinks of whiskey from the appellant; that they represented that they were going to the Grand Canyon and wanted to take something along with them, and they each bought a pint of whiskey from the appellant, paying him therefor the price of $3.50 a pint. The bottles containing this whiskey were carefully labeled by the detectives for identification, and were introduced in evidence at the trial.

The appellant's version of the transaction is that the detectives, Shackley and Penturf (he could not remember as to Whitney) came to his pool-hall about the time stated in their testimony, and that Penturf asked him if he had any whiskey, and that he informed Penturf that he had no whiskey and that he did not handle it. Penturf and Shackley went to playing a game of pool and when the game was over they went out the back way of the premises and soon returned and Penturf pulled a bottle of whiskey out of his pocket and asked appellant to have a drink; that, after procuring some ginger-ale for use with the whiskey, the appellant took a drink, and that Penturf replaced the bottle of whiskey in his pocket, and these men left the premises.

Appellant positively denies that he sold these detectives, or either one of them, any drinks of whiskey, or that he sold the bottles of whiskey.

It was the sole province of the jury to determine which one of the versions of the transaction was true, and the verdict of guilty necessarily imports that the jury accepted the version as given by the detectives as true, and rejected that of the appellant.

The evidence was conflicting as to the existence of the sale, and the jury, having determined the question against the ap-

pellant, and that too upon substantial evidence, we cannot disturb the verdict unless some prejudicial error to the appellant was committed in the course of the trial.

The vigorous attacks in the brief of counsel for appellant made upon these detectives and their testimony were all very proper, and perhaps might have been very effective arguments to the jury, but they are of no avail here. This court has recently had occasion to say, in reference to similar attacks:-

"We are asked to scrutinize inconsistencies in the testimony that are inevitable in the record of every case, to destroy the weight and credibility of the testimony on account of the interest and character of the prosecuting witness, and reconcile the conflicts and resolve all doubts in favor of the defendant. This is all matter for argument to a jury, and it was their exclusive province to determine it. They have determined it against the defendant upon substantial evidence, and there it must end. There is no law forbidding the employment of detectives to aid in the discovery and suppression of crime. Such a method is not inherently bad. Its credibility and weight is therefore for the consideration of the jury." *Duff* v. *State,* 19 Ariz. 361, 171 Pac. 133, 135.

The principal complaint of appellant seems to be that the court refused to charge the jury upon the issue of accomplice and corroboration. It is urged that one who buys liquor at an unlawful sale for the avowed purpose of procuring evidence upon which to instigate a criminal prosecution against the seller induces the seller to commit the crime of selling the liquor and so aids and abets in the commission of the crime, and that the purchaser is therefore an accomplice, and that his testimony must be corroborated. This contention is based upon our statute:

"All persons concerned in the commission of a crime, whether it be a felony or misdemeanor, and whether they di-. rectly commit the act constituting the offense, or aid and abet in its commission, or, not being present, have advised and en couraged its commission . . . are principals in any crime so committed." Penal Code, 1913, par. 27.

"A conviction cannot be had on the testimony of an accomplice, unless he is corroborated by other evidence which, in itself, and without the aid of the testimony of the accomplice, tends to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely

shows the commission of the offense, or the circumstances thereof." Penal Code 1913, par. 1051.

It is true that, in a faraway sense, the purchaser, by his offer to buy, induces the seller to make the sale, but he cannot be said to have "aided" or "abetted" the seller in making the sale in the sense of the statute. The "aiding" or "abetting" contemplated by the statute is some positive act in aid of the commission of the offense—a force physical or moral joined with that of the perpetrator in producing it. The aider or abettor must stand in the same relation to the crime as the criminal, approach it from the same angle, touch it at the same point. Such is not the case with the purchaser. His approach to the crime is from the other side. The whole force, physical or moral, that goes to the production of the crime, as such, is the seller's. It is well to observe that the offense in question, the sale of intoxicating liquor, is bounded by the prohibition amendment creating it, and this amendment operates on and has force and effect against the persons therein named, and no other. The penalty of the law is denounced against the seller, and not the purchaser. We do not see how a mere purchaser who confines his participation in the transaction exclusively to the buying, and not to the selling, commits himself or exposes himself to conviction and punishment for selling the liquor as he would do were he an accomplice. No precedent and no authority has been shown for such a prosecution, although the prohibition amendment of this state has been in force for several years and many prosecutions have been had under it, most of which have been sustained by the testimony of the buyers. That such a prosecution has been unprecedented shows very strongly what has been understood to be the law upon the subject. It is our conclusion that a purchaser of liquor at an unlawful sale of such liquor—one who confines himself to the mere purchase and not to the selling—although he may have solicited such sale, is not a person "concerned in the commission of a crime" or an accomplice, and it has been so held in various jurisdictions under similar laws. 16 C. J. 683; *Commonwealth* v. *Willard,* 22 Pick. (Mass.) 476; *State* v. *Teahan,* 50 Conn. 92; *Wakeman* v. *Chambers,* 69 Iowa, 169, 58 Am. Rep. 218, 28 N. W. 498; *State* v. *Gesell,* 137 Minn. 41, 43, 162 N. W. 683.

We need not stop to consider whether or not the testimony of the detectives was corroborated by other testimony in the

case. They were not accomplices, and therefore corroboration is not in the case.

For the same reason, it was not error for the court to refuse a charge to the effect that ''the testimony of an accomplice ought to be viewed with caution and distrust.'' The court, however, did charge the jury to the effect that if they found that the witnesses Shackley, Penturf and Whitney were detectives and bought the liquor from the appellant for the purpose of securing evidence upon which to instigate a criminal prosecution against him, such facts or circumstances were proper for their consideration in weighing the testimony of such witnesses. We think that this was all that the appellant was entitled to upon that subject.

Another complaint is based upon the fact that a small keg of whiskey was found in a building owned by the appellant and used by him in connection with the business of conducting his pool-hall, where, it is claimed, he sold the liquor to the detectives, and that the jury was instructed that that fact might be considered by them in arriving at their verdict. The objection seems to be compound, to the introduction of the keg of whiskey as evidence as well as to the instruction. Waiving all informality in this assignment, we do not think there was error in either respect. The argument of the appellant is that the liquor in the keg was of a different kind or brand, that in the bottle being Bourbon and that in the keg rye whiskey. They were both whiskey, and the finding of the keg upon the premises used by the appellant in connection with his business at the pool-hall made it admissible in evidence and proper for the jury to consider in arriving at their verdict. *Porras* v. *State*, 19 Ariz. 131, 166 Pac. 288.

We have examined the other instructions requested and refused, but we find no error in such refusal. A large percentage of these instructions are based upon the assumption that the detectives were accomplices. The instructions given, taken as a whole, were very clear and correct, and none were of such a character as to give appellant any just or legal cause for complaint.

The court limited the number of witnesses testifying to the good character of the appellant to seven, and this action is assigned as error. The general rule is that a trial court, in the exercise of a sound and reasonable discretion, has the power to limit the number of witnesses who shall testify to a

particular fact. 1 Thompson on Trials, 2d ed., par. 353; 5 Jones on Evidence, par. 614. This rule is recognized by statute in some states, and has been frequently approved independent of any statute in other states, in both criminal and civil cases. 5 Jones on Evidence, par. 900. In this case seven witnesses were allowed to testify as to the good character of the appellant, and such testimony was in no wise controverted by the prosecution.

In the interest of economy of time and the orderly dispatch of the business of the court we do not believe that the action of the court in limiting the number of witnesses to seven was prejudicial to the appellant nor an abuse of the discretion of the court.

Further complaint is made that the court erred in excluding testimony of the alleged misconduct of certain witnesses for the prosecution to the effect that they had sold whiskey themselves to women, that one of them had stolen a dog, for which he was arrested and convicted, that one of them was seen drunk, and that they collected money from others for the purpose of buying whiskey to be drunk at a dance—all bad enough, it is true. But evidence of this character was not admissible to impeach the witnesses. These peccadillos were not felonies, and, furthermore, the reputation or character of a witness may not be proven by particular instances of misconduct. The proof is confined to the general reputation of the witness concerning the trait involved. 40 Cyc. 2607, and cases cited.

Appellant assigns as error the refusal of the court to admit testimony as to the general reputation of appellant for truth and veracity. The reputation of appellant in this respect was not attacked by the prosecution at any time during the course of the trial, and evidence to sustain his credibility, under the circumstances, was not admissible. 40 Cyc. 2556, and cases cited.

We are compelled to call attention to the omission of counsel to comply with the statute and the rules of this court on the subject of assignment of errors:

"The brief shall contain a statement of the case, and assignment of the errors relied upon, separately stated, and the argument and authorities in support thereof." Revised Statutes 1913, paragraph 1261; subdivision 2, rule 4.

Instead of separately assigning the errors they are indis-criminately intermingled throughout the brief with the argument, requiring the court to make a diligent search of the entire brief to locate the alleged errors, all of which would have been obviated by an observance of the statute and the rules. If any assignment has been overlooked, it is the fault of the appellant. However, we believe that we have noticed the principal or controlling assignments.

Perceiving no reversible error in the record, the judgment is affirmed.

CUNNINGHAM, C. J., and ROSS, J., concur.