[Civil No. 1616.   Filed February 1, 1919.]

[178 Pac. 33.]

## A. R. JENKINS, Appellant, v. JOHN L. IRVIN, Appellee.

1. PLEADING—DEMURRER—CONCLUSIONS OF LAW—SURPLUSAGE.—Where complaint is sufficient in substance, the fact that there are unnecessary allegations, or some conclusions of law in addition to the necessary allegations, does not render it vulnerable to general demurrer.

2. TRIAL—ORDER OF PROOF—ALTERATIONS IN WRITING.—In agent's action for commission, admission of contract authorizing sale of land containing interlineations, and thereafter admitting explanation of the apparent alteration, was within the discretion of the court.

3. BROKERS—NECESSARY PARTIES—SUBAGENTS.—Where agent for sale of land had privately agreed with third person to divide commission with him, such third person was neither a necessary nor a proper party to an action for commission; the owner of the land not being in privity with him.

4. PARTIES—NONJOINDER—WAIVER OF DEFECT.—Assuming that defect of parties was created by failure of agent for sale of land, in action for commission, to make one with whom he had agreed to share the commission a party, the land owner could not avail himself of the defect where he failed to make objection to the defect in the answer as required by Civil Code of Arizona of 1913, section 469.

5. APPEAL AND ERROR—WAIVER OF ERRORS—FINDINGS OF FACT.—One who failed to request findings, under Civil Code of Arizona of 1913, section 528, could not on appeal complain that the court made no findings of fact, or that he failed to find on all the material issues.

[As to subagents' liability, see note in 50 Am. St. Rep. 121.]

APPEAL from a judgment of the Superior Court of the county of Maricopa. R. C. Stanford, Judge. Affirmed.

Mr. Hubert W. Clark, for Appellant.

Mr. A. S. Hawkins, for Appellee.

ROSS, J.—This is an action by appellee for commissions for effecting a sale of land for appellant under a written contract of employment. It was tried by the court without a jury, and from a judgment favorable to appellee appellant appeals.

The rules of the court were very differently observed by appellant in the making and presenting of his assignment of error, and the temptation to sustain appellee's objections thereto is withstood only because we prefer to decide each case upon its merits, if we can reasonably ascertain from the brief as a whole the errors complained of and are satisfied that appellant has not purposely or knowingly ignored the rules. Will say, without restating here what the rules and statutes require, that there are a number of propositions of law and criticisms scattered throughout appellant's brief, but just what was intended as assignments of error and what as argument is most difficult to determine by an inspection of the brief. What was said in *Baumgartner* v. *State, ante,* p. 157, 178 Pac. 30, just decided, in regard to the assignments, might well be said of this record.

Of the many propositions or assignments, we will review those that we consider of sufficient merit.

It is contended by the appellant that his general demurrer to the complaint should have been sustained. We would not recommend the complaint as a model to be followed, but any criticism of it would not be for a defect of substance. It contains all of the allegations of a legal contract of agency to sell real estate and, in addition, full performance by appellee. That there were some unnecessary allegations, or some conclusions of law in addition to the necessary allegations, did not make the complaint vulnerable to general demurrer.

It is next urged the court erred in admitting in evidence "the written authority of appellee to sell the land in question," for the reason it had been materially altered after its execution by appellant. This assignment is based upon a

question of fact which the court must have resolved against appellant. If the alteration had been confessed, its materiality would be a question of law and properly before us for decision under this assignment, but it was denied that any alteration had taken place, and upon the evidence submitted the court found the fact against appellant's contention and admitted the contract in evidence. The fact that the apparent alteration by interlineation was explained after the admission of the contract, rather than before, was not prejudicial error, as the order of proof was within the court's discretion.

Appellant complains because the court, at the conclusion of appellee's case, overruled his motion to dismiss. His ground for the motion was that, according to the evidence, one Hughes was interested in the commissions for making the sale and should have been made a party. Hughes was the person who brought the appellant and the purchaser together. At the time he was working for appellee, and was sent by appellee with the purchaser to appellant's land. Because Hughes' compensation was to be a moiety of the commission agreed to be paid Irvin, the appellee, it is contended by appellant that he should have been made a party to the suit. Under the evidence, the contract of agency was with the appellee, and appellant owed no duty or obligation to appellee's employees, or servants, or subagents to see that they were paid for their services, nor were they privity to the contract between the appellant and appellee so as to make them either a necessary or proper party. In any event, appellant is in no position to urge the point, not having raised it in his answer. Under the statutes (section 468, subd. 4, Civil Code 1913), a defect of parties, when it appears upon the face of the complaint, should be raised by demurrer, or if it does not appear upon the face of the complaint, it is provided by section 469, Id., that the objection may be taken thereto by answer. Appellant was cognizant of Hughes' connection with the transaction all the time from the date he introduced appellant to the purchaser up to the filing of his answer, and even if his contention possessed the merits of truth, he injects it in the case too late to be of any avail.

There is nothing in the appellant's complaint that the court made no findings of fact, or that he failed to find on all the material issues raised by the pleadings. If appellant had

wanted findings, he should have requested them.    Section 528, Civil Code 1913.

We are unable to find the court committed any error prejudicial to the rights of appellant, and therefore the judgment is affirmed.

CUNNINGHAM, C. J., and BAKER, J., concur.