956 P.2d 507

**STATE of Arizona, Appellee,**

v.

**Santiago Fimbres COTA, Appellant.**

**No. CR–97–0105–PR.**

Supreme Court of Arizona,
En Banc.

April 8, 1998.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Consuelo M. Ohanesian, Assistant Attorney General, Phoenix, for the State of Arizona.

Susan A. Kettlewell, Pima County Public Defender by Frank P. Leto, Deputy Pima County Public Defender, Tucson, for Santiago Fimbres Cota.

## OPINION

MARTONE, Justice.

¶ 1   A jury found Cota guilty of unlawful transfer of marijuana, a class three felony. We reverse because a transferee cannot transfer to himself or herself.

I.

¶ 2   This is a drug case. Police saw Santiago Cota and Kevin Loomer talking on a street corner in Tucson. Cota walked across the street into De Anza Park while Loomer waited behind. Police watched as Cota approached Ronda Shulark. Cota handed Shulark two dollars. In return, Shulark placed a small amount of marijuana, the equivalent of two to three cigarettes, into Cota's bandana. Cota then walked back across the street to where Loomer stood. Shulark, Cota, and Loomer were each indicted for one count of unlawful sale of marijuana, and one count of unlawful transfer of marijuana—both class three felonies.

¶ 3   The state argued that Cota bought the marijuana from Shulark in order to sell it to Loomer. At the close of all the evidence, however, the trial court directed a verdict in favor of Loomer on both counts. The court concluded that no evidence linked Loomer to a transfer and that Loomer did not have the requisite mental state to establish a sale. The court also directed a verdict in favor of Cota on the sale count. It concluded that no evidence established the elements of a sale or the requisite mental state.

¶ 4   Thus, while Cota could have been a transferor to Loomer, the dismissal of Loomer from the case forced the state to shift its theory. Left only with the transfer from Shulark to Cota, the state now argued that Cota was an accomplice of Shulark in the transfer of the marijuana to himself. The court gave an accomplice instruction. The jury found him guilty and the court sentenced Cota to a mitigated term of 3.5 years. Cota appealed.

¶ 5   The court of appeals affirmed. *State v. Cota*, No. 2CA–CR 96–0068, Mem. Dec. at 1 (Jan. 23, 1997). We granted review to decide whether a recipient can be guilty of transferring marijuana to himself or herself.

II.

¶ 6   A. Under A.R.S. § 13–3405(A)(4) it is unlawful to knowingly transfer marijuana. A.R.S. § 13–3401(31) defines "transfer"

to mean "furnish, deliver or give away." To "deliver" is the "actual, constructive or attempted exchange from one person to another...." A.R.S. § 13–3401(7)(Supp.1997).

¶ 7 Transfer by its nature implies movement from one person to another. As a matter of logic, a transferee who receives something simply does not furnish, deliver or give away the item at the same time it is received. To suggest that one could be one's own transferor ignores the plain meaning of section 13–3405(A)(4). Had the legislature wanted to include a recipient, it could have expressly included such conduct.[1] Because the offense is defined as a "transfer" it would distort its plain meaning to impose liability on the recipient.

¶ 8 Moreover, the relevant statutes distinguish between the separate crimes of "transfer," on the one hand, and "possession," on the other. *See* A.R.S. § 13–3405(A)(1) (Supp.1997)(possession or use); A.R.S. § 13–3405(A)(4) (Supp.1997)(transfer or sale). Possession, in contrast to transfer, requires only that the defendant exercise control over the drug, have knowledge of the drug's presence, and know that the substance is in fact marijuana. *State v. Murphy,* 117 Ariz. 57, 61, 570 P.2d 1070, 1074 (1977). In short, one who receives marijuana for personal use commits the offense of "possession."

¶ 9 The premise is that one who transfers marijuana is guilty of more objectionable conduct than one who buys it. For example, the possession (not for sale) of less than two pounds of marijuana is a class six felony, A.R.S. § 13–3405(B)(1), while the transfer of marijuana is a class three felony, A.R.S. § 13–3405(B)(10). The harsher penalty for transfer shows that the statutes distinguish between a transferor and a possessor-user. To treat the drug recipient as a drug transferor would blur the distinction.

¶ 10 B. Nor can a recipient be an accomplice to a transferor of marijuana to himself or herself. An accomplice is a person

who with the intent to promote or facilitate the commission of an offense:

1. Solicits or commands another person to commit the offense; or

2. Aids, counsels, agrees to aid or attempts to aid another person in planning or committing the offense.

3. Provides means or opportunity to another person to commit the offense.

A.R.S. § 13–301 (1989). Whether a recipient is an accomplice depends upon whether the recipient could have been "informed against or indicted for the same offense" of which the transferor is accused. *State v. Broadfoot,* 115 Ariz. 537, 539, 566 P.2d 685, 687 (1977). In order for one to be an accomplice, "[t]he aider or abettor must stand in the same relation to the crime as the criminal, approach it from the same angle, touch it at the same point." *Baumgartner v. State,* 20 Ariz. 157, 161, 178 P. 30, 32 (1919)(holding that a purchaser is not an accomplice to the seller in an unlawful sale of intoxicating liquor); *see also State v. Martin,* 74 Ariz. 145, 151, 245 P.2d 411, 415 (1952)(person giving a bribe cannot be accomplice to crime of receiving a bribe from oneself); *State v. Chitwood,* 73 Ariz. 161, 167, 239 P.2d 353, 357 (1951), *modified on other grounds,* 73 Ariz. 314, 240 P.2d 1202 (1952) (gambler could not be accomplice to one who operates the gambling house); *State v. Kuhnley,* 74 Ariz. 10, 19–20, 242 P.2d 843, 849 (1952) (thief cannot be accomplice to offense of knowingly receiving stolen goods); *State v. Miller,* 71 Ariz. 140, 146, 224 P.2d 205, 209 (1950) (minor could not be an accomplice to one contributing to his own delinquency); *State v. Green,* 60 Ariz. 63, 68, 131 P.2d 411, 413 (1942)(prostitute could not have been tried for receiving the earnings of a prostitute from herself); *Reser v. State,* 27 Ariz. 43, 45, 229 P. 936, 936 (1924) (one guilty

---

1. A number of statutes unambiguously provide that acquisition or receipt is unlawful activity. *See, e.g.,* A.R.S. § 13–3701(A) (Supp.1997) (unlawful use of food stamps includes the transfer, acquisition, or possession of food stamps); A.R.S. § 13–2317(A) (Supp.1997) (money laundering includes the acquisition, transfer or re-

ceipt of racketeering proceeds); A.R.S. § 13–2103 (Supp.1997) (receiving anything of value from unauthorized use of credit card is criminal offense); A.R.S. § 13–1802(A)(Supp.1997)(one who controls or obtains stolen property is guilty of theft).

of larceny cannot also be adjudged guilty of the offense of receiving the property stolen, "for the simple reason that he cannot receive it from himself").

¶ 11  Courts elsewhere have held that a purchaser cannot be an accomplice of a seller or transferor of drugs under similar statutes. *See United States v. Baker,* 10 F.3d 1374, 1418 (9th Cir.1993) (holding that a recipient of a drug delivery cannot be convicted of distribution under 21 U.S.C. § 841(a)); *People v. Freytas,* 157 Cal.App.2d 706, 321 P.2d 782, 788 (1958); *Sobrino v. State,* 471 So.2d 1333, 1335 (Fla.Ct.App.1985); *State v. Stokoe,* 224 Mont. 461, 730 P.2d 415, 417–18 (1986); *State v. Utterback,* 240 Neb. 981, 485 N.W.2d 760, 770 (1992); *Tellis v. State,* 84 Nev. 587, 445 P.2d 938, 940 (1968); *State v. Dwyer,* 172 N.W.2d 591, 596 (N.D.1969); *State v. Frederickson,* 92 Or.App. 223, 757 P.2d 1366, 1367–68 (1988); *Robinson v. State,* 815 S.W.2d 361, 363–64 (Tex.App.1991); *State v. Berg,* 613 P.2d 1125, 1126 (Utah 1980); *State v. Morris,* 77 Wash.App. 948, 896 P.2d 81, 83 (1995); *Wheeler v. State,* 691 P.2d 599, 601–02 (Wyo.1984).

█ ¶ 12  These and other cases establish an exception to the general law of complicity. One who would otherwise be guilty as an accomplice because of assistance or encouragement, is not guilty

> where the crime is so defined that participation by another is inevitably incident to its commission. It is justified on the ground that the legislature, by specifying the kind of individual who was guilty when involved in a transaction necessarily involving two or more parties, must have intended to leave the participation by the others unpunished.... Thus, under this exception ... a purchaser is not a party to the crime of illegal sale....

2 W. LaFave & A. Scott, *Substantive Criminal Law* § 6.8(e) at 165–66 (1986) (citations omitted). The cases distinguish between the actions of the transferor and the transferee, finding that "the buyer is not aiding the 'selling act' of the seller and the seller is not aiding the 'buying act' of the buyer." *Wheeler,* 691 P.2d at 602; *see also* 1 C. Torcia, *Wharton's Criminal Law* § 38 at 202 (14th Ed.1978). We agree.

¶ 13  While Shulark and Cota's separate acts were part of a single transaction, they did not aid each other in committing their separate crimes. Cota's act of receiving was the converse of Shulark's act. The receipt was not in aid of the transfer, but instead was the separate crime of possession. Accordingly, we hold that a recipient of a transfer of marijuana cannot be guilty of unlawful transfer to himself or herself either under the transfer statute or through accomplice liability.

¶ 14  C. Because of our resolution of the transfer issue, Cota's other arguments are moot. Nevertheless, the issue of whether the trial court should reinstruct the jury on the elements of the charged offense at the close of all the evidence bears comment. In light of our decision in *State v. Johnson,* 173 Ariz. 274, 842 P.2d 1287 (1992), at a minimum, we believe it is the better practice for the trial court to reinstruct the jury on the elements of the charge at the close of all the evidence, either before or after argument. *See* Rule 19.1(a)(8), Ariz. R.Crim. P.

### III.

¶ 15  The trial court erred in denying Cota's motion for directed verdict on the transfer count. We vacate the memorandum decision of the court of appeals. We set aside the judgment of conviction and remand to the superior court for entry of judgment of acquittal.

ZLAKET, C.J., JONES, V.C.J., and FELDMAN and MOELLER (Retired), JJ., concur.