NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ADELL KARAAN COFFELT, *Appellant.*

No. 1 CA-CR 16-0241
FILED 12-6-2016

Appeal from the Superior Court in Mohave County
No. S8015CR201500451
The Honorable Steven F. Conn, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Janelle A. McEachern Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Randall M. Howe joined.

---

**K E S S L E R**, Judge:

**¶1**     Appellant Adell Karaan Coffelt ("Coffelt") was tried and convicted of Count 1, possession of dangerous drugs (methamphetamine) for sale, a class 2 non-dangerous felony; Count 2, possession of drug paraphernalia (methamphetamine), a class 6 non-dangerous felony; and Count 3, possession of marijuana, a class 6 non-dangerous felony, and sentenced to five years' imprisonment.[1] Counsel for Coffelt filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Clark*, 196 Ariz. 530 (App. 1999). Finding no arguable issues to raise, counsel requests this Court search the record for fundamental error. Coffelt was given the opportunity to, but did not file, a supplemental pro per brief. For the reasons that follow, we affirm Coffelt's convictions and sentences.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**     In March 2015, Mohave County Sheriff's Deputy AD approached Coffelt's home and asked if she was selling methamphetamine. Coffelt agreed to speak with Deputy AD and informed him she was selling methamphetamine from her home and had the drug in her possession. She stated she had approximately a quarter ounce of methamphetamine and allowed Deputy AD to search inside her home. Both Coffelt and her husband signed a consent to search form offered by Deputy AD.

**¶3**     Coffelt led Deputy AD to her bedroom and handed him a container having seventeen grams of a white crystalline substance, cut straws with white residue, razor blades, a small funnel, and baggies with residue. Inside the bedroom, Deputy AD observed two glass pipes with burnt residue, an electronic scale, two bags containing smaller baggies, and a mirror with a razor on top of it. Deputy AD found a bag with a white crystalline substance inside a jewelry box on the bedroom dresser and a bag

---

[1]     A fourth count, possession of narcotic drugs, a class 4 felony, was dismissed before trial without prejudice. Additionally, Coffelt's husband was convicted at the same trial, but is not a party to this appeal.

of marijuana inside the dresser drawer. A lab technician, SS, testified the white crystalline substance tested positive as methamphetamine.

¶4        Deputy AD advised Coffelt of her *Miranda*[2] rights before beginning to question her. Coffelt confirmed she had been selling methamphetamine, telling Deputy AD that she did so to help with financial issues. Deputy AD noted Coffelt was familiar with the common denominations of methamphetamine distribution and use. Although she admitted to owning the methamphetamine, Coffelt asserted the marijuana was not hers and she was merely holding it for a friend.

¶5        After a jury trial, Coffelt was convicted of possession of a dangerous drug (methamphetamine) for sale, possession of drug paraphernalia involving methamphetamine, and possession of marijuana. The court considered the mitigating factors of Coffelt's age and limited criminal record and found no aggravating factors. Coffelt received the following mitigated, concurrent sentences: five years' imprisonment for Count 1, possession of a dangerous drug (methamphetamine) for sale; and six months each for Count 2, possession of drug paraphernalia involving methamphetamine and Count 3, possession of marijuana. Coffelt was fined $1830 for Count 1 and $1372.50 for Count 3.

¶6        Coffelt timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2016) and 13-4033(A)(1) (2016).[3]

## DISCUSSION

¶7        In an *Anders* appeal, this Court must review the entire record for fundamental error. Error is fundamental when it affects the foundation of the case, deprives the defendant of a right essential to her defense, or is an error of such magnitude that the defendant could not possibly have had a fair trial. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 19 (2005) (citation omitted).

¶8        In reviewing the sufficiency of evidence at trial, "[w]e construe the evidence in the light most favorable to sustaining the verdict, and resolve all reasonable inferences against the defendant." *State v. Greene*, 192 Ariz. 431, 436, ¶ 12 (1998) (citation omitted). "Reversible error based on

[2]        *See Miranda v. Arizona*, 384 U.S. 436 (1966).

[3]        We cite to the current version of statutes unless changes material to this decision have occurred.

insufficiency of the evidence occurs only where there is a complete absence of probative facts to support the conviction." *State v. Soto-Fong*, 187 Ariz. 186, 200 (1996) (quoting *State v. Scott*, 113 Ariz. 423, 424-25 (1976)).

**¶9**        Under A.R.S. § 13-3407(A)(2) (Supp. 2015), it is a crime to knowingly possess a dangerous drug for sale. Methamphetamine is a dangerous drug pursuant to A.R.S. § 13-3401(6)(c)(xxxviii) (Supp. 2015). The crime of possession of dangerous drugs for sale has three elements. *See* A.R.S. § 13-3407(A)(2).  The State must prove the defendant possessed a dangerous drug; did so knowingly; and possessed it for the purpose of sale. *Id.* Coffelt admitted to Deputy AD that she had methamphetamine and had been selling it, and she gave Deputy AD a box containing seventeen grams of methamphetamine, straws for separating the drug, and bags containing smaller baggies. Coffelt asserted she had been dealing in order to help with financial issues, and she was familiar with the common denominations of methamphetamine distribution and use. Deputy AD also testified that seventeen grams was a large quantity for someone who was just using to possess, noting that even a heavy user consumes less than one gram a day. We find this evidence sufficient to support Coffelt's conviction for possession of dangerous drugs for sale.

**¶10**        Possession of drug paraphernalia has two elements. *See* A.R.S. § 13-3415 (2010). The State must prove the defendant possessed drug paraphernalia and possessed it with the intent to use it as such. *Id.* Using an object as drug paraphernalia includes using the object to "process, prepare, . . . pack, repack, store, contain, conceal, ingest, inhale or otherwise introduce into the human body a [dangerous] drug." A.R.S. § 13-3415(A). Factors used in determining whether an object is drug paraphernalia include statements by an owner concerning its use; proximity of the object to drugs; and the existence of any residue of drugs on the object. A.R.S. § 13-3415(E)(1), (4), (5). Deputy AD testified he found cut straws with white residue, razor blades, a small funnel, and baggies with residue. Deputy AD also found two glass pipes with burnt residue, an electronic scale, two bags containing smaller baggies, and a mirror with a razor on top of it inside the bedroom. Coffelt told Deputy AD she used these items to repackage the methamphetamine for sale and for her own methamphetamine use. The items were found near bags of methamphetamine and the residue on the objects tested positive for methamphetamine. In light of these facts, sufficient evidence supports the verdict, and we affirm.

**¶11**        The crime of possession of marijuana has two elements. *See* A.R.S. § 13-3405(A)(1) (Supp. 2015). The State must prove the defendant possessed marijuana and did so knowingly. *Id.* "Possession" under A.R.S.

§ 13-3405(A)(1) requires "only that the defendant exercise control over the drug, have knowledge of the drug's presence, and know that the substance is in fact marijuana." *State v. Cota*, 191 Ariz. 380, 382, ¶ 8 (1998) (citation omitted). Deputy AD found a bag of marijuana inside the dresser drawer. Coffelt asserted the marijuana was not hers, and she was merely holding it for a friend. As possession does not require ownership, sufficient evidence supports Coffelt's conviction. We affirm.

## CONCLUSION

**¶12**         After careful review of the record, we find no meritorious grounds for reversal of Coffelt's conviction or modification of the sentence imposed. The evidence supports the verdict, the sentence imposed was within the sentencing limits, and Coffelt was represented at all stages of the proceedings below and was allowed to address the court before sentencing. Accordingly, we affirm Coffelt's conviction and sentence.

**¶13**         Upon the filing of this decision, counsel shall inform Coffelt of the status of the appeal and her options. Defense counsel has no further obligations, unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Coffelt shall have thirty days from the date of this decision to proceed, if she so desires, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA