# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60183

JORGE IBANEZ-BELTRAN,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

United States Court of Appeals
Fifth Circuit

**FILED**

January 11, 2017

Lyle W. Cayce
Clerk

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A077 187 038

Before JONES, BARKSDALE, and COSTA, Circuit Judges.

PER CURIAM:*

The Government charged Jorge Ibanez-Beltran, a citizen of Mexico, with being removable from this country, due in part to his Arizona conviction for attempted transportation of marijuana for sale under Arizona Revised Statute Section 13-3405(A)(4). Ibanez-Beltran concedes that this offense makes him removable, but denies that it also qualifies as an aggravated felony that makes him ineligible for cancellation of removal. He argues that the Arizona statute

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60183

is neither a categorical match to a qualifying federal drug trafficking offense nor divisible. We must decide whether section 13-3405(A)(4) is divisible, and, if so, whether the modified categorical approach confirms that Ibanez-Beltran was convicted of an aggravated felony.

* * *

Ibanez-Beltran was placed in removal proceedings after his conviction under Arizona Revised Statute Section 13-3405(A)(4). The statute states that a "person shall not knowingly . . . [t]ransport for sale, import into this state or offer to transport for sale or import into this state, sell, transfer or offer to sell or transfer marijuana." A.R.S. § 13-3405(A)(4). His indictment charged all of these provisions, but his plea document and judgment listed only "attempted transportation of marijuana for sale."

Ibanez-Beltran conceded he was removable for violating a state law relating to a controlled substance offense, 8 U.S.C. § 1227(a)(2)(B)(i), but he denied being ineligible for relief on the grounds that his marijuana conviction qualified as an aggravated felony, 8 U.S.C. § 1101(a)(43)(B). The Immigration Judge disagreed, concluding that Ibanez-Beltran was ineligible for relief because his Arizona conviction was an aggravated felony. 8 U.S.C. § 1229b(a)(3). The Board of Immigration Appeals affirmed.

An aggravated felony is defined by a long list of offenses that includes "illicit trafficking in a controlled substance, including a drug trafficking crime." 8 U.S.C. § 1101(a)(43)(B). An offense is a drug trafficking crime if it is punishable as a felony under the federal Controlled Substances Act (CSA). 18 U.S.C. § 924(c)(2); 21 U.S.C. § 801 et seq. An offense is a felony under the CSA if it is punishable by imprisonment of more than one year. 21 U.S.C. §§ 802(13), (44). The government argues that Ibanez-Beltran was convicted of "attempted transportation of marijuana for sale" under Arizona law. The federal counterpart for attempted transportation of marijuana is punishable

2

No. 15-60183

by imprisonment of more than one year.  21 U.S.C. §§ 841(b)(1)(D), 846.  This means that if Ibanez-Beltran was convicted of the state offense of "attempted transportation of marijuana for sale," he was convicted of an aggravated felony.

Ibanez-Beltran counters that because the Arizona statute of conviction includes solicitation offenses, namely "offer to transport," the statute is not a categorical match to the federal drug trafficking offense.  He further argues that his statute is not divisible.  That would mean Ibanez-Beltran was not convicted of an aggravated felony and the Board of Immigration Appeals erred in deeming him ineligible to request cancellation of removal.

When determining whether a prior offense qualifies as an aggravated felony, we first apply the categorical approach, asking whether the state criminal offense lines up with the corresponding aggravated felony, which here is attempted drug trafficking.  *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013).  That determination is made by comparing the elements of the state offense with the elements of the federal drug trafficking offense.  *Id.; Taylor v. United States*, 495 U.S. 575, 600–01 (1990).  That comparison is straightforward when a statute sets out a single set of elements to define a single crime.

Here the comparison is not so simple because Ibanez-Beltran's statute of conviction lists multiple *actus rei*.  The statutory provision states that a person shall not knowingly: 1) transport [marijuana] for sale; 2) import [marijuana] into this state; 3) offer to transport [marijuana] for sale; 4) offer to import [marijuana] into this state; 5) sell [marijuana]; 6) transfer [marijuana]; 7) offer to sell [marijuana]; or 8) offer to transfer [marijuana].  A.R.S. § 13-3405(A)(4) (numbering added).  The government conceded that the statute as a whole is not a categorical match to the federal offense of drug trafficking, because it lists solicitation offenses that are not covered in the federal definition.  *United States v. Ibarra-Luna*, 628 F.3d 712, 716 (5th Cir. 2010) ("The government

3

concedes that a mere offer to sell, without evidence of possession or transfer, is tantamount to solicitation and is not proscribed by the [CSA].").  Our decision thus comes down to whether the modified categorical approach can be used to narrow Ibanez-Beltran's conviction to attempted transportation of marijuana for sale, which would be a felony under the federal drug laws.

The modified categorical approach allows courts to examine "a limited class of documents" from the record to determine whether the defendant was convicted of an offense that matches the corresponding federal offense. *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).  Courts may only use the modified approach, though, when the statute of conviction is divisible.  A statute is divisible when it defines multiple crimes by listing elements in the alternative instead of listing various factual means of committing a single crime.  *Mathis v. United States*, 136 S. Ct. 2243, 2248–49 (2016).  Our task when determining whether a statute is divisible, then, "is to determine whether 'listed items' in a statute 'are elements or means.'"  *United States v. Hinkle*, 832 F.3d 569, 575 (5th Cir. 2016) (quoting *Mathis*, 136 S. Ct. at 2256). This ultimately turns on whether a jury would have to agree on whether the defendant completed that action.  *Id.* ("When a jury is not required to agree on the way that a particular requirement of an offense is met, the way of satisfying that requirement is a means of committing an offense, not an element of the offense.").  When state court decisions definitively answer whether jury unanimity is required, courts "need only follow what [they say]."  *Mathis*, 136 S. Ct. at 2256.

Arizona case law does not provide that definitive answer here.  Some state law decisions indicate that section 13-3405(A)(4) sets out multiple alternative offenses.  For example, *State v. Fierro* lays out elements for the "offense of transportation of marijuana for sale."  206 P.3d 786, 789 (Ariz. Ct. App. 2008).  And *State v. Chabolla-Hinojosa* notes that the defendant was

convicted of both importation of marijuana and transportation of marijuana. 965 P.2d 94, 95 (Ariz. Ct. App. 1998); *see also State v. Alvarado*, 875 P.2d 198, 200 (Ariz. Ct. App. 1994) (noting that defendant was convicted of "offering to sell marijuana"); *State v. Hans*, 2008 WL 4261034, at \*4 (Ariz. Ct. App. 2008); *but see State v. Medina*, 2016 WL 489838, at \*1 (Ariz. Ct. App. 2016) (affirming defendant's conviction for "sale or transportation of marijuana"). These courts' treatment of section 13-3405(A)(4) suggests that the statute is divisible.[1]

But some Arizona decisions interpreting similar statutes point in the other direction. Arizona courts have assumed that the legislature does not intend to create more offenses than those listed in the heading of a statute. *State v. Brown*, 177 P.3d 878, 881 (Ariz. Ct. App. 2008) (citing *State v. Dixon*, 622 P.2d 501, 508 (Ariz. Ct. App. 1980)). Instead, courts in Arizona assume that if the legislature intended to create separate offenses, it would have enacted separate subparts as it did in other parts of section 13-3405(A). *See State v. Manzanedo*, 110 P.3d 1026, 1028 (Ariz. Ct. App. 2005). The heading of section 13-3405 reads: "Possession, use, production, sale or transportation of marijuana." Although this heading implies that sale and transportation are separate offenses, it cuts against finding that the other terms, for example "offer to transport," are themselves separate offenses. Instead, they could be alternative means to commit either sale of marijuana or transportation of marijuana.

---

[1] The Supreme Court of Arizona has recognized that the separate subsections of this drug statute create different offenses. *State v. Cota*, 191 Ariz. 380, 382, 956 P.2d 507, 509 (1998) ("[T]he relevant statutes distinguish between the separate crimes of 'transfer,' on the one hand, and 'possession,' on the other." (citing A.R.S. § 13-3405(A)(1); *id*. § 13-3405(A)(4)). It has not directly addressed the question we confront: whether the various terms listed within a particular subsection (in Ibanez-Beltran's case, subsection (A)(4)) also create separate offenses.

## No. 15-60183

And an Arizona court has held that solicitation terms in a similarly worded statute were alternative means, not elements, to commit the offense. In *Brown*, the court examined an almost identically worded statute that prohibited the knowing "[t]ransport for sale, import into this state, offer to transport for sale or import into this state, sell, transfer or offer to sell or transfer a narcotic drug." A.R.S. § 13-3408(A)(7); *see Brown*, 177 P.3d at 881–82.[2]  The court focused on whether "sell, transfer or offer to sell or transfer" were separate offenses or alternative means to commit the same offense. *Brown*, 177 P.3d at 881–82 (quoting A.R.S. § 13-3408(A)(7)). It noted that section 13-3408's heading mentioned "'sale' . . . of narcotic drugs" but did not reference transfer, offer to sell, or offer to transfer. *Id.* at 881. Assuming that the legislature did not intend to create more offenses than those listed in the heading, the court held that the relevant phrase referred to different ways of committing the same offense. *Id.* at 882. In other words,  the legislature did not view the solicitation terms as creating separate offenses.

So Arizona state law does not give us a clear answer on the construction of section 13-3405(A)(4).  But *Mathis* provides us with another tool when state judicial decisions do not furnish an answer; we may look to the record of the prior conviction for "the sole and limited purpose of determining whether the listed items are elements of the offense." *Mathis*, 136 S. Ct. at 2256–57. Ibanez-Beltran's plea agreement and judgment treats the terms in section 13-3405(A)(4) as elements of alternative offenses. Although the indictment simply listed all of the conduct contained in the statute, Ibanez-Beltran actually pleaded guilty to "attempted transportation of marijuana for sale." When the relevant documents use one alternative term to the exclusion of all others, that

---

[2] Section 13-3408(A)(7) is identical to section 13-3405(A)(4), except section 13-3408(A)(7) targets narcotic drugs rather than marijuana.

indicates that the terms within the statute are individual elements. *Id.* at 2257.

Reinforcing the plea agreement's treatment of transport for sale as a separate offense is Arizona's pattern jury charge. *See id.* at 2257 (mentioning jury instructions as a source to determine divisibility); *see also United States v. Martinez-Vidana*, 825 F.3d 272, 274 (5th Cir. 2016) (considering a pattern jury instruction to determine the divisibility of a statute). There are separate pattern instructions for transport for sale and offer to transport for sale. *Compare* REV. ARIZ. JURY INSTRUCTIONS (CRIMINAL) 34.0541 (3d ed.), *with* REV. ARIZ. JURY INSTRUCTIONS (CRIMINAL) 34.0542 (3d ed.).

The plea agreement, judgment, and instructions are enough, without settled state law to the contrary, to hold that section 13-3405(A)(4) is divisible. Because the statute is divisible, the modified categorical approach narrows Ibanez-Beltran's offense to "attempted transportation of marijuana for sale." As discussed, that offense also constitutes a felony under the federal drug laws, making it a drug trafficking crime, which is an aggravated felony under section 1101(a)(43)(B).

*  *  *

The petition for review is DENIED.